## STEWART v. PIER.

1. **Lease:** COVENANTS: CONSTRUCTION OF: IMPROVEMENTS: WAIVER. The covenants of a certain lease in relation to the termination of the lease upon a sale of the premises, the right to the improvements, and the right of the lessee to purchase, construed: *Held*, that the parties contemplated a perfected sale by deed, such as would terminate the right of both to the possession of the property, and that under the evidence the lessee had waived his right to purchase the premises.

*Appeal from the Dubuque Circuit Court.*

TUESDAY, APRIL 4.

ACTION of forcible entry and detainer, brought before a justice of the peace, to recover the possession of a lot in the city of Dubuque. Upon an appeal to the Circuit Court a verdict and judgment were had for plaintiff. Defendant appeals.

*R. W. Stewart*, for appellee.

*D. J. Lenehan*, for appellant.

BECK, J.—I. The plaintiff leased to defendant the north 120 feet of lot 747, in the city of Dubuque, for the term of five years. The following covenants in the lease, in the view

we take of the case, are the only parts of the instrument that need be set out, as our decision turns upon the interpretation of this part of the instrument.

"It is herein further mutually agreed that this lease is subject to and is terminated by the sale of said premises herein leased, by the said party of the first part, and on the condition that the said party of the first part shall pay to the party of the second part one-half the value of improvements made on said premises by the party of the second part. Improvements to consist of one ice-house, and if the said premises are not sold within three years, then the said party of the first part shall not pay to, or be liable to, the said party of the second part for one-half or any portion of the value of said ice-house. It is further agreed that the said Philip Pier, shall have preference over others to re-lease or purchase said premises on said party of the first part's conditions."

Under these covenants the plaintiff claims that the lease was terminated by the sale of the property, more than three years after the commencement of the term provided for in the lease, and that defendant waived his right under the lease to purchase the property.

The lease was executed in January, 1878. On the 10th of August, 1880, plaintiff executed a contract to a railroad corporation, giving it the option to purchase the property at a price and upon terms specified. Under this contract, if the purchase was made, the possession of the property was to be delivered November 15, 1880. The contract was assigned to another railroad company, which transferred it to the city of Dubuque. On the 15th day of November, 1880, plaintiff entered into a contract to sell the property to the city, the conveyance to be made on the 10th of January, 1881, and the possession of the property to be delivered February 15th, next following. The evidence tended to show that the contract with the city was made in pursuance of the optional right it acquired to purchase the property under the contract of plaintiff, assigned to it. The optional contract provided

Stewart v. Pier.

for a sale for cash; the contract with the city stipulates that payment shall be made in city warrants, or other satisfactory paper, drawing interest at eight per centum per annum. By the contract with the city plaintiff became bound to prosecute proceedings to recover the possession of the lot. On the 27th day of January, 1881, plaintiff executed a deed for the property to the city. There was evidence tending to show that before the execution of the contracts above referred to, plaintiff offered to sell the property to defendant under the covenant of the lease, giving him the preference as a purchaser over others, but defendant declined to purchase declaring that he could not, and authorizing plaintiff to sell to the railroad company.

II. The court instructed the jury, 1st, that the sale of the property as contemplated by the terms of the lease, was made after January 1, 1881, and, therefore, plaintiff was not bound to pay defendant for the ice-house built by him upon the lot; 2d, that if defendant waived his right to purchase under the lease, the plaintiff is entitled to recover. Another instruction, the 9th, informs the jury what evidence would be sufficient to authorize them to find a waiver by defendant of his right to purchase. No exception was taken to this instruction, and it is not assailed in the assignment of errors.

1. LEASE: covenants: construction of: improvements: waiver.

III. We are first required to determine whether the interpretation of the lease, adopted by the court, to the effect that the covenant as to the sale of the property, contemplated a perfected sale by deed, which would pass the title and right of possession to the lot, as was accomplished by the deed to the city, executed after the 1st day of January, 1881. We think this interpretation and the instruction to that effect are correct.

We find it unnecessary to consider the arguments of counsel upon the question, whether there may be a sale of real property without a deed of conveyance therefor. We think the true construction of the lease, which discloses the inten-

tions of the parties to the contract, is to the effect that the sale contemplated by the parties was such a transfer or disposition of the lot by deed, or otherwise, as would terminate plaintiff's right of possession in the property. The purpose of the lease was to secure to defendant the possession under the plaintiff. He was to occupy it for five years at a yearly rent, and at the end of that term, plaintiff was to have the right to the ice-house. But the lease stipulates that if defendant's right to possession is terminated by the sale of the property, before the expiration of the three years, defendant was to be paid one-half the value of the ice-house; if it was terminated after the three years he was to be paid nothing.

Now it is very plain, that the stipulation in regard to the sale of the property, contemplated such a sale or disposition thereof as would terminate the right of defendant and plaintiff to the possession of the property. As long as plaintiff held such right, defendant could occupy the property. Therefore a contract of sale which did not deprive plaintiff of the right of possession, and did not disturb the defendant's right to the occupancy of the property, was not a sale contemplated in the lease.

The optional contract provided that possession should be delivered the 15th of November. Under the contract the possession of the property could not have been disturbed until that day. But by the contract with the city, the possession of the property was not to be surrendered until after the expiration of three years, from the date of the execution of the lease. There was, therefore, no such sale of the property as would deprive defendant of its possession until that time.

It is said that the extension of the time, for giving possession of the property, was for the purpose of defeating the right of the defendant to recover for half the value of the ice-house. This may be admitted. Plaintiff, by the terms of the lease, is authorized to sell at any time; the sale and the time of the sale rested wholly within his option. He then had the right to hold possession of the property until defend-

ant's right to pay for the ice-house should be cut off by the lease.

IV. The only remaining question in the case involves the waiver by the defendant of his right to purchase the property. Upon this branch of the case there was conflict in the evidence. There is no such absence of testimony supporting the verdict as will authorize us to reverse the judgment.

This discussion covers all questions presented to us in the argument of counsel.

AFFIRMED.