CHARLES DUNN v. HOWARD S. JAFFRAY.

1. INCOMPETENT EVIDENCE, *Admitted and Withdrawn — No Error.* Where the court admits improper testimony to the jury at the instance of the defendant, and subsequently withdraws it from the consideration of the jury while the attorney of the defendant is making his argument to the jury, but before he has concluded the same, such action of the court is no ground for the reversal of the judgment rendered in the case, upon the motion of the defendant, in favor of whom the incompetent evidence was received.

2. LEASE, *Sale of Premises to Member of Firm Executing.* Where a firm composed of several parties executes a lease "for the term of and until said premises are disposed of or sold by the firm," such firm may terminate such lease by making a sale of the premises to one

---

* NOTE.—Upon a motion for a rehearing of the above-entitled case, made at the May session of the court for 1887, it was ordered at the June session of the court that the original opinion and syllabus handed down be corrected in accordance with the facts disclosed in the record, and therefore that the foregoing opinion and syllabus be substituted therefor; but the motion for a rehearing was overruled.

of the members of the firm, provided the same is made in good faith and not as a mere subterfuge, although the sale is made for a nominal consideration; but the consideration is a circumstance which, taken in connection with the other testimony in the case, may be considered for the purpose of determining whether the sale was a *bona fide* one.

3. NOTICE, *When Not Act of Grantor.* The written notice of a grantee in a conveyance of land to a person in possession thereof, under a lease from a prior grantor, is not the act or admission of the immediate grantor if made and given without the direction or knowledge of such grantor.

4. LEASE, *Executed by Firm.* When a lease is executed by a firm composed of several parties, the covenants thereof are several as well as joint, and each individual member of the firm is liable thereon.

*Error from Shawnee District Court.*

ACTION by *Jaffray* against *Dunn*, to recover $268.35 and interest, for the use of a certain store-room in the city of Topeka. Judgment for the plaintiff for $318.25, at the April Term, 1884. The defendant brings the case here. The opinion states the material facts.

*Case & Moss*, for plaintiff in error.

*A. Bergen*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Action by Howard S. Jaffray against Charles Dunn, to recover $268.35 and interest, for the use and occupancy of a store-room in the building No. 240 on Kansas avenue, in the city of Topeka, from March 1, 1881, to October 20, 1881. On August 18, 1873, E. S. Jaffrey & Co. executed a lease to Charles Dunn of the store-room at a monthly rental of $35 in advance, from October 1, 1873, until the lot was disposed of or sold by Jaffray & Co. They also agreed in the lease to give Dunn ninety days' notice of the sale of the lot, and upon such notice being given, his tenancy was to expire in ninety days therefrom; they further agreed that Dunn should not be hindered, molested or damaged by any other occupant of the building. On August 24, 1880, E. S.

Jaffray & Co. made a sale of the lot to Howard S. Jaffray, one of the members of the firm, for $10. The lot was worth about $10,000. Dunn in his answer alleged that the sale to Howard S. Jaffray of the lot was not such a one as was contemplated in the lease; and also claimed damages resulting from the occupants of the building, in the sum of $390.

Upon the trial the evidence tended to show that Dunn was notified of the sale of the lot by E. S. Jaffray & Co. to Howard S. Jaffray, in August or September, 1880; that on October 20, 1881, J. K. Hudson purchased the lot, and on the same day he notified Dunn to quit and deliver to him the possession of the store-room held by him under the lease from E. S. Jaffray & Co. After the jury had been instructed by the court, and after the opening argument of the attorney for Howard S. Jaffray had been made to the jury, the attorney for Dunn proceeded to address the jury. After he had called their attention to the written notice given to Dunn by J. K. Hudson, which had been read in evidence, the court interrupted the attorney, and notified him and the jury that the notice had been improperly received in evidence, and stated the notice would be withdrawn from the consideration of the jury; thereupon, the jury were instructed by the court to pay no further attention to the notice.

It is claimed that the notice was properly admitted in evidence, and that the court committed error in withdrawing it from the jury; and in any event, that the court committed error in withdrawing it at the particular time stated. Neither one of the points is well taken. The notice of Hudson had nothing whatever to do with the case, and ought never to have been admitted as evidence. What Hudson said or did, after he purchased the property from Howard S. Jaffray, could not affect the rights of Jaffray while the latter owned the lot, before Hudson had any interest in or possession of the same. That Guthrie & Brown were the attorneys of Hudson in delivering the written notice of October 20, 1881, is not material, because in serving the notice they acted for Hudson and not for Howard S. Jaffray. Under these cir-

cumstances, the notice was not the act or admission of Howard S. Jaffray, or any one acting in his interest, or in his behalf. The rights of Dunn were not improperly prejudiced by the withdrawal of the incompetent testimony, as his attorney at the time had not concluded his address, and after such withdrawal had ample time to discuss before the jury all of the evidence properly received in the case. The admission of the irrelevant testimony was detrimental to Jaffray, not to Dunn; and if any party had a right to complain of the action of the court, that party is Jaffray, not Dunn.

The instructions asked for by Dunn concerning the alleged fraud on the part of Jaffray & Co. in selling the lot to Howard S. Jaffray were properly refused, because they conveyed to the jury the impression that Howard S. Jaffray could not purchase the lot in good faith unless he paid its full value. If the sale to Howard S. Jaffray was not a mere sham and subterfuge to terminate the lease, it is immaterial whether Jaffray paid $10 or $10,000 for his deed. Dunn had held possession of his store-room under his lease for over seven years prior to the sale of the lot, and the firm of Jaffray & Co. had the right at any time to dispose of the lot at any price it was willing to accept, if it made a sale in good faith; and the firm had the same right to sell to Howard S. Jaffray as it had to any other person.

At the conclusion of the charge of the court, the jury were directed: "If the sale of August 24, 1880, was a valid sale, and this ninety days' notice was given in accordance with the terms and conditions of that lease, then the plaintiff would be entitled to recover whatever rents may be due in his case from March 1, 1881, without reference to the question of damage one way or the other." This direction was misleading, as Howard S. Jaffray was individually liable as a member of the firm of Jaffray & Co., under the conditions of the lease, for all damages accrued to Dunn during the term of the lease. (Comp. Laws of 1885, ch. 21, §§ 1, 4.) An examination of all the evidence in the case shows, however, that the only damages proved to have occurred before the lease terminated amounted

to $25. These damages are alleged to have occurred December 10, 1880. Howard S. Jaffray offers to remit this $25, together with all interest thereon from the amount of the verdict.

The judgment of the district court will be reversed; but if the defendant in error remits $25 and interest thereon, from the amount found by the jury in his favor, within ten days from the rendition of this decision, the district court is directed to enter judgment in his favor for the residue found by the jury.

All the Justices concurring.