### BANK OF TOPEKA v. EATON et al.

(Circuit Court, D. Massachusetts. June 29, 1899.)

No. 628.

1. CONTRACTS—CONSTRUCTION—EFFECT OF STATUTE.

 Gen. St. Kan. 1889, par. 1098, providing that all contracts which by the common law are joint only shall be construed to be joint and several, relates to the legal effect of contracts, and therefore to the right, and not merely to the remedy, and affects all such contracts made in the state and with reference to its laws, though sued on in another jurisdiction.

On Pleas in Abatement.

George A. Sanderson, for plaintiff.
Henry Wheeler and Chas. K. Cobb, for defendants.

PUTNAM, Circuit Judge. This is an action of contract brought by a Kansas corporation against sundry members of what is commonly known as "a voluntary joint-stock association," organized in Massachusetts under a so-called "trust deed," the details of which need not be set out. The defendants in the action are very numerous, and some of them have pleaded in abatement, setting out the names of other members of the same association who are alleged to be liable jointly with the defendants, and who ought, therefore, to be joined in the action. To the pleas the plaintiff filed replications, alleging, among other things, that the promise sued on is joint and several. The case was submitted to the court on an agreed statement of facts, with an agreement, under the statute, waiving a jury, to neither of which need there be made any further reference. At common law, the state of the pleadings would be fatal to the plaintiff, because, by the common law, it is well settled that, in the case of a joint and several promise,

all the promisors must be made defendants, or only one of them; so that, inasmuch as several persons are made defendants in the action, a replication of a joint and, several promise would not avail the plaintiff. It seeks to meet the difficulty existing at common law by the use of statutes of Kansas and of Massachusetts.    The Kansas statute is now found in the General Statutes of 1889, pars. 1098, 1101, as follows:

"1098. All contracts which, by the common law, are joint only, shall be construed to be joint and several."

"1101. In all cases of joint obligations and joint assumptions of co-partners or others, suits may be brought and prosecuted against any one or more of those who are so liable."

The Massachusetts statute is found in the Public Statutes of 1882, c. 167, § 4, as follows:

"Persons. severally liable upon contracts in writing, including all parties to bills of exchange and promissory notes, may all or any of them be joined in the same action."

Paragraph 1098 of the General Statutes of Kansas clearly relates to the right, and paragraph 1101, in view of its connection with 1098, clearly relates to the remedy, although, except for 1098, it might perhaps be more broadly construed.    Of course, therefore, the latter paragraph can have no effect in this jurisdiction, and paragraph 1098 is the only, one which we need consider.    There is sufficient in this record to show on its face that the contract in suit was executed in Kansas, and in view of its laws, so that its legal effect is to be determined according to those laws.    The defendants, however, maintain that paragraph 1098 relates only to the remedy, and they seek to support this proposition by referring to the fact that, at common law, the nonjoinder of all joint promisors cannot be taken advantage of under the general issue, and must be pleaded in abatement.    This, however, is offset by the further rule of the common law that, if the fact that there are other promisors not joined in the suit appears on the face of the plaintiff's pleadings, this may be taken advantage of, although not pleaded in abatement.    All these incidental matters of pleading, however, are too remote in their consequences to overcome the clear proposition that whether or not a contract is joint or joint and several relates to its legal effect, and is therefore a matter touching. the right, and not merely the remedy.    Therefore we must hold that this contract was made under such circumstances as to be controlled with reference to its legal effect by the Kansas statute cited.    It is of no consequence in this connection whether or not contracting shareholders in a joint-stock association are to be regarded as partners or merely as joint promisors, because it has been directly held in Kansas, in Williams v. Muthersbaugh, 29 Kan. 730, and in Dunn v. Jaffray, 36 Kan. 408, 13 Pac. 781, that the Kansas statutory provision relied on by the plaintiff includes partnership obligations.    In the cases cited reference is had to compilations other than the General Statutes of 1889; but precisely the same statute as that covered by the General Statutes was under consideration in each of them.

We, therefore, are led to the conclusion that, on this record, the contract set up must be regarded the same as a joint and several promise at the common law.    This, however, does not meet the question of

remedy in this jurisdiction, as we have already shown, with regard to the fact that the plaintiff has joined in his action more than one promisor, but not all of them. The plaintiff meets this difficulty by a reference to the statute of Massachusetts which we have already cited. The court was under the impression that this provision of law has no relation to joint and several promisors; but the letter of the statute is broad enough to reach the case at bar, and that it does reach it is not contravened by the defendants. Therefore, at least for this case, the court will give this provision the construction asked for by the plaintiff, making it, in effect, the same for the present purposes as paragraph 1101 of the Kansas General Statutes of 1889. Thus, with reference to the legal effect of the contract, the position of the plaintiff is sustained by the statutes of Kansas, and, with reference to the remedy, by the statutes in force in this jurisdiction.

The defendants have urged upon us some other propositions; but, as the plaintiff has availed itself of the ninth paragraph of section 2 of chapter 167 of the Public Statutes, and has set out its cause of action by annexing a copy of the deed of trust on which it relies, and not by the positive allegations which the rules of pleading at common law require, it is impossible on the pleas now before the court to pass on them. Therefore we lay them aside, without prejudice, for such consideration as they may be entitled to receive, if renewed by the defendants at subsequent stages of the litigation. The pleas in abatement are overruled, and the defendants may answer to the merits on or before the 1st day of August next.