### BANK OF TOPEKA v. EATON et al.

(Circuit Court, D. Massachusetts. February 3, 1900.)

#### No. 628.

PROMISSORY NOTES—PAYABLE FROM PARTICULAR FUND—EFFECT OF RECITALS.
   Where the articles of association of a joint-stock company whose property was vested in trustees empowered such trustees to borrow money for purposes of the association, and provided that any debt incurred therefor should be a lien upon the property and funds of the association, but that the trustees should have no power to bind the shareholders personally, one who loaned money to the trustees, taking their note therefor, secured by collateral, and containing an express statement that it was given under such articles, and not otherwise, may consistently with legal principles be limited to a remedy against the trust property, and cannot maintain an action thereon against shareholders.

On Demurrer to Declaration.

George A. Sanderson, for plaintiff.
Mayhew R. Hitch, for Sandford & Kelley and others.
Henry Wheeler, for Fuller.
Charles T. Gallagher, for Richardson and others.
W. C. Parker, for Dennison and others.

PUTNAM, Circuit Judge. This is the same case which has already been before us on a plea in abatement, as to which we passed down an opinion and an interlocutory judgment on June 29, 1899. 95 Fed. 355. It now comes before us on demurrer. The declaration is based on a note, as follows:

"$10,000.                                    Topeka, Kansas, October 24, 1890.

"Sixty days after date the trustee of the Topeka Land and Development Company, as such trustee under declaration of trust dated May 23, 1887, and not otherwise, promise to pay to the order of J. R. Mulvane, president, ten thousand dollars, at Bank of Topeka, Topeka, Kansas, with interest at ten per cent. per annum after maturity until paid; also cost of collecting, including attorney's fees, if suit be instituted on this note. Value received. Appraisement waived.                             F. R. Cordley, as Trustee as Aforesaid."

The defendants are certificate holders in a joint-stock association, the main purpose of which is dealing in lands in Kansas. The property of the association was vested in three trustees, the survivor of whom gave the note in suit. The articles of association referred to in the note are made a part of the plaintiff's declaration, and contain the following provisions:

"Said trustees shall have full power and authority, subject to the instructions of the shareholders, as hereinafter provided: (1) To pay all taxes and assessments of every kind legally assessed upon said property, and the neces-

sary expenses of the trust, and for that purpose to borrow money; and any debt for money so borrowed shall be and remain, until paid, a lien upon all funds and moneys belonging to this trust then or thereafter in the hands of the trustees, in preference to the claim of any shareholders as such upon such funds and moneys. * * *

"The trustees shall have no power to bind the shareholders personally, and in every written contract or undertaking they shall enter into relating to this trust, or the property, or any part thereof, belonging thereto, reference shall be made to this declaration of trust, and the person, firm, or corporation so contracting with the trustees shall look only to the funds and property of the trust for payment under such contract or undertaking, or for the payment of any debt, damage, judgment, or decree, or of any money that may become due or payable in any way by reason of the failure on the part of the said trustees to perform such contract or undertaking, in whole or in part; and neither the trustees nor the shareholders, present or future, in the company, shall be personally liable therefor, or for any debt incurred, or engagement or contract made, by said trustees."

There is nothing further found in the articles of association or in the record with reference to the incurring of liabilities by the trustees in behalf of the association. The declaration, in addition to setting out the articles of association, states merely the facts that the note was given, that the money was advanced therefor, and that the Bank of Topeka received with the note certain securities as collateral for the payment thereof. There is nothing in the declaration showing for what purpose the money was obtained, or to what it was applied. While, therefore, it is not impossible that the trustees might have incurred indebtedness under such circumstances that the law would impose a personal liability on the shareholders, yet, under the allegations found in the declaration, there are no such circumstances; and the plaintiff's case rests entirely upon the authority expressly given the trustees to borrow money for the purposes of the trust. It not only follows that it was the duty of the plaintiff to ascertain for itself what powers the trustees had in the premises, but the specific terms of the note, in that it contains the words, "as such trustee under declaration of trust dated May 23, 1887, and not otherwise," obligated it, by its implied agreement in accepting the note, to abide by the terms of the articles of association. This expression in the note is so positive as to leave no occasion for explanation in support of this proposition, or opportunity for obviating its effect by suggestions made in argument or drawn from decisions on supposed analogous cases. Whether or not the plaintiff examined the articles of association, or knew their contents, is of no consequence, because this express provision required it to do so, or take the hazard of not doing it.

Therefore the only question is whether or not this implied stipulation of the plaintiff, limiting its remedy to the general assets of the association and the property specially pledged to it, is contrary to the rules of law. Of course, a stipulation in an instrument which fundamentally violates its essential nature must sometimes be rejected by the courts. For instance, if any individual or partnership should stipulate in his or its pecuniary obligations that he or it should not be personally liable thereon, without at the same time mortgaging or pledging property, or giving some other specific lien for security, it might be difficult for the law to regard the stipula-

tion, because, in that event, as there would be no lien which the law could enforce, the holder of the obligation would be left without remedy, unless he could proceed by judgment against the obligor; and the result, if sustained, would be an obligation which in law is no obligation. The present case, however, assimilates itself to the large class of cases where, certain property being pledged in some form for the security of a debt, the parties have been at liberty to stipulate that the owner of the debt should look only to the property thus pledged. In the present case, not only did the Bank of Topeka have specific assets given it for its security, but the entire property of the association was held in trust, and therefore subject to administration by the chancery courts, which could apply it equitably and proportionally to the discharge of obligations incurred by the trustee, as contemplated by the express direction of the articles of association that the debtors of the trust should look for payment solely to its property. Under these circumstances there is no reason why we should not give full effect to the agreement of the Bank of Topeka, arising from its acceptance of the note, that it would be bound by the declaration of trust, including the provisions in the articles exempting the shareholders from personal liability for the engagements of the trustee.

There are some other questions of importance in the case, but our conclusions render it unnecessary to consider them.

Demurrer sustained; declaration adjudged insufficient; judgment for defendants, with costs.