August H. Pieper, Executor of the Estate of William
    Pieper, Deceased, Appellant, v. Augusta Pieper,
    Appellee.

Husband and wife: CONTRACTS AS TO INTEREST IN LAND. The stat-
ute rendering a contract between husband and wife with refer-
ence to the interest as such which one has in the lands of the
other invalid, does not prevent their contracting with reference
to an interest owned by one in land of the other which does not
grow out of the marital relation.

Same: CONVEYANCE TO WIFE: RIGHTS OF HUSBAND'S EXECUTOR. In
the instant case the husband conveyed his farm to his wife and
from the profits of her management of the same, together with
land individually owned by her, they bought a homestead, taking
the title in his name, but which he afterward conveyed to her
and which subsequently was exchanged for other land, title to
which was taken in her name. *Held,* that his executor had no
interest in the land acquired by exchange of the homestead.

Same: CONTRACTS: DOWER: RECOVERY OF MONEY PAID WIFE. In this
case the wife held title in trust to a farm conveyed to her by
the husband, and also title to other lands absolutely hers. Upon
a sale of both tracts the wife refused to sign the deed until
an agreement was signed by which she was to receive one-third
of the net proceeds of all the lands sold. Thereupon a contract
was drawn between the husband and wife to that effect; and
providing further that the same should be a full settlement
of all matters between them, so that thereafter each party would
own their own property absolutely and neither one should make
any claim whatever to the property of the other. The agreement
also provided that the one-third of the proceeds arising from
the sale of the land was to be turned over to the wife as her
dower, and if not so accepted the same should belong to the
husband. *Held,* that while the agreement having reference to
the interest which each had in the property of the other involved
the inchoate dower right of the wife and was invalid under
the statute, yet as the one-third interest of the net proceeds of
the land sold was paid her in consideration for her signing
the deed and not as a conditional gift, the husband's executor
could not recover the same.

*Appeal from Linn District Court.*—HON. F. O. ELLISON,
Judge.

WEDNESDAY, JANUARY 12, 1910.

SUIT in equity for an accounting, brought by the
executor of the estate of William Pieper, deceased, against
defendant, who is his widow. The trial court dismissed
plaintiff's petition, and he appeals.—*Affirmed.*

*Dawley & Wheeler* and *Mac. J. Randall,* for appel-
lant.

*E. A. Johnson* and *Chas. W. Kepler & Son,* for ap-
pellee.

DEEMER, C. J.—William Pieper died testate Decem-
ber 24, 1906, and plaintiff is executor of his last will and
testament. Defendant is the widow of William Pieper,
deceased, and as such it is claimed that she is in possession
of the sum of $3,500, the proceeds of certain real estate
which it is claimed belonged to the deceased at the time
of his death. Defendant claims that the money belonged
to her, and that plaintiff has no interest therein. Defend-
ant was the third wife of the deceased. She married him
in the year 1868; she being twenty-two or twenty-three
years of age, and her husband fifty-three. Shortly after
the marriage they moved upon a farm of one hundred and
ninety-five acres near Mechanicsville in this state. Pieper
had two children by his first wife and five by his second,
and these children became members of the family into
which defendant was admitted. As a result of the third
marriage, three children were born, two of whom are now
living. Shortly after moving upon the farm, the husband
entered into the "blooded stock" business, which he con-
tinued down until about the year 1872. This was a losing

venture, and at the end of the period deceased found himself indebted to an amount exceeding $15,000. When married defendant had about $500, and this she invested in fifteen acres of land adjoining the home farm, title to which was taken in her own name. When Pieper discovered his financial condition at the end of his live-stock venture, he turned all his property over to defendant, deeded her the farm of one hundred and ninety-five acres, and she thereupon undertook the management of the same. So successfully did she do this that by the year 1886 she had paid all Pieper's indebtedness, had the farm clear, and enough personal property wherewith to purchase a home in the town of Lisbon, Iowa, which became the family homestead. For the homestead they paid the sum of $1,800, and thereafter they purchased another piece of property for $300. The title to the homestead was taken in the name of deceased, William Pieper. In 1887 deceased conveyed the homestead to defendant, and it remained in her name until 1906, when conveyance was made to one Rodell. The consideration for this property was received by defendant. In the year 1900 Mr. and Mrs. Pieper concluded to sell the farm, which then consisted of two hundred and ten acres, title to which was in Mrs. Pieper. Previous to that, however, Pieper had commenced an action of divorce against his wife, and this was settled by an agreement to the effect that she should reconvey the one hundred and ninety-five acres of land to her husband, that the farm should be sold, and when sold defendant was to have one-third of the proceeds after paying the indebtedness and the deceased two-thirds. At the time the farm was sold, defendant refused to sign the deed unless the money was paid over, and she did not sign until this agreement was made. The entire two hundred and ten acres was sold for $50 per acre, and of the purchase price of the one hundred and ninety-five acres one-third was turned over to defendant, and of the purchase price of the fifteen acres two-thirds was turned

over to the deceased. It is claimed that at this time the following written agreement was entered into:

Contract. This contract and agreement made and entered into this 5th day of April, 1900, by and between William Pieper, party of the first part, and Augusta ·Pieper, party of the second part, witnesseth: That the parties hereto have this day together mutually sold a farm in Pioneer township, Cedar County, Iowa, and the party of the second part has taken one-third of the proceeds and the party of the first part has taken two-thirds of the proceeds thereof. And it is mutually agreed and understood between the parties hereto that this is a full settlement of all matters between them; that is, in all transactions made hereafter, party of first part has his property absolutely, and party of the second part has her property absolutely, and neither one will make any claim whatever to the property of the other. It is also stipulated that the property in Lisbon, Iowa, now in the name of the party of the second part, Augusta Pieper, and belonging to the party of the second part hereto, is hers absolutely, and the party of the first part makes no claim and will make no claim for dower or any interest whatever in the same inasmuch as the division of the property this day made. is a full settlement of all of the matters and things between the parties hereto, and all of the property now in the name of either party is to remain therein and the other makes no claim whatever to the same, and this is true also of any after acquired property between parties hereto. And this money is hereby turned over to Augusta Pieper as her dower and if not so accepted then still belongs to first party.

It is claimed that there is no sufficient proof of the proper execution of this instrument; but this point we shall pass over for the present. It is conceded, however, that it was never recorded. At the time of the sale of the farm, defendant discovered that her husband had again become indebted to an amount of about $2,000. After the sale of the farm, the parties continued to live at Lisbon until about the year 1906, when they moved to Springville,

where they were living at the time of William Pieper's death. Pieper purchased a house at the latter place, paying $850 therefor. He also made improvements thereon costing about $600. Upon the death of William Pieper, plaintiff was appointed executor of the estate, and he listed as assets thereof the Springville property, $500 or $600 in cash, a note for $700 or $800, and a few items of personal property of little value. Defendant now has no property except eighty acres of land which was the consideration for the Lisbon property, save her interest in the estate of her deceased husband.

This action is brought to require defendant to account for this eighty acres of land and for the money received by her pursuant to the agreement hitherto set out. After the executor was appointed, defendant made application to have her distributive share set aside, and also for her support; the claim for the latter being $800. Upon this state of facts plaintiff makes the following propositions, which he relies upon for a reversal of the decree dismissing his petition:

(1) Even if the attempt in the contract to make a present release of dower was void, yet the transaction concerning the transfer of one-third of the proceeds of the farm to Mrs. Pieper was a conditional gift, to take effect in the future, and the title of the money did not vest in her unless after her husband's death she relinquished her dower and other rights in the estate of her deceased husband.

(2) The defendant not having complied with the condition contained in the instrument creating the gift, the title to the money never vested in her, and the gift never became complete, and the money can be recovered by the executor.

It will be observed that the title to the Lisbon property was in the deceased for about a year, when it was conveyed to defendant, and that it remained in her name until it was exchanged for the eighty acres of land in contro-

versy. Title to this land was taken in defendant's name. Title to the Springville property was in Mr. Pieper at the time of his death, and his personal property has already been referred to. To meet the propositions relied upon by plaintiff, defendant says that the contract heretofore set out was never executed by her, and that there is no competent proof of its execution; that the agreement set out, even if executed, is null and void under section 3154 of the Code; that the money or property sought to be recovered was voluntarily given or transferred to defendant and can not be recovered back; that the money or property sought to be recovered was given defendant in settlement of the divorce suit and can not be recovered; that the money or property was given the defendant in consideration of her signing the deed to the land and can not be reclaimed; that the agreement relied upon by plaintiff must be considered as a whole, and, when so considered, it is void and of no effect; and that plaintiff can not sever one portion thereof from the whole and enforce it, as the illegality therein taints the whole transaction and makes any and all of its parts nonenforceable.

Section 3154 of the Code reads as follows: "When property is owned by the husband or wife, the other has no interest therein which can be subject of contract between them, nor such interest as will make the same liable for the contracts or liabilities of the one not the owner of the property, except as provided in this chapter." It will be noticed that this inhibits the making of an interest which one has in the other's land the subject of contract. Such agreements are not only invalid, but they can not even be ratified. *Shane v. McNeill,* 76 Iowa, 459. The parties may, of course, contract with reference to an interest owned by one in the land of another which does not grow out of the marital relation. *Croup v. Morton,* 49 Iowa, 16; *Hamill v. Henry,* 69 Iowa, 752.

We shall assume, for the purposes of our discussion,

that the contract heretofore set out was duly executed and has been sufficiently proved, and our inquiries will be directed to the question of its validity. To solve this question it will be necessary to consider the facts and circumstances surrounding the execution thereof. At that time, title to the entire two hundred and ten acres was in defendant. True, she held that title as to the one hundred and ninety-five acres in trust for her husband, but the fifteen acres was hers absolutely. She would not, however, sign the deed to any of it until it was agreed that she should have one-third of the consideration paid. At the time the farm was sold, defendant had title to the Lisbon property, the purchase price of which was earned while she (defendant) had title to the entire farm and to the rents and profits issuing therefrom. This Lisbon property was acquired from the management of the farm. With these facts in mind, the contract can be better understood. It will be noticed that it undoubtedly has reference to the interest which each had in the property of the other, and that it is illegal under the statute quoted. Nevertheless plaintiff asks judgment for the value of the Lisbon property, which was exchanged by defendant for the eighty acres of land now standing in her name, as well as for the $3,500 given her under this void contract. There can be no doubt under the testimony that defendant secured this money as a consideration for the signing of the deed to the farm, and not as a voluntary gift. Having so received it, it can not be recovered back. *Garner v. Fry,* 104 Iowa, 515.

Plaintiff, however, would divorce the last sentence of the contract from all that precedes, and asks us to consider that part of it as a sufficient basis for a recovery. With this thought uppermost, he insists that there was a conditional gift, and, as defendant has broken this condition and refused to abide by it, he is entitled to the return of the $3,500 paid thereunder. The exact point is that, as defendant has refused to accept the money as her dower,

it still belongs to her husband, or to his representative upon his death. The difficulty with this lies in the fact that, in order to determine what money it is and how paid over, we must take the entire contract and construe it in the light of the attendant circumstances. When so construed, the illegality is plainly apparent. It is impossible to divorce the illegal from the legal part of this contract. Taken as a whole, it clearly indicates that the money paid was not a gift, but that it was based upon a good consideration, and that the attempt to recover it back on the theory that it was a conditional gift can not be sustained. Moreover, the contract, when viewed in the light of all the circumstances, was intended to cut off defendant's inchoate right of dower, and not simply to enforce an election to be made after the death of the husband. The term "dower" may mean dower inchoate, dower initiate, or dower consummate, as at common law; or, under our statutes, dower inchoate, dower consummate, or dower assigned. *Moore v. City,* 8 N. Y. 110 (59 Am. Dec. 473).

We are constrained to hold that the contract contemplated not only dower consummate, but dower inchoate, and that this was the thought of the parties. It is clear, however, that plaintiff has no right whatever to the lands standing in defendant's name, growing out of the exchange of the Lisbon property; and we are also constrained to hold that he can not recover the $3,500 or any part thereof as a conditional gift. The invalidity of the contract as a whole prevents his doing that. Moreover, as the payment was upon a good consideration, plaintiff can not recover any part of it on the theory that defendant is holding money belonging to the estate. None of the cases cited by appellant are in point upon the propositions involved.

We reach the conclusion that the decree is correct, and it must be, and it is, *affirmed.*