[No. 15916.   Department One.   November 16, 1920.]

M. DRUXINMAN, *Appellant*, v. GEORGE E. SMITH *et al.,*
*Respondents.*[1]

LANDLORD AND TENANT (35) — TERM FOR YEARS — TERMINATION —
SALE BY LESSOR.   A conditional sale by a lessor disposing of leased
property upon receipt of a substantial part of the purchase price, is
a "sale" notwithstanding title did not pass, within the clause in the
lease authorizing its termination on sixty days' notice in case of a
sale, where the transaction was *bona fide*; and the lessee, after
surrendering the premises, cannot recover damages in the absence
of evidence of fraud.

Appeal from a judgment of the superior court for
Grays Harbor county, Sheeks, J., entered December 29,
1919, upon findings in favor of the defendants, in an
action on contract, tried to the court.   Affirmed.

*F. W. Loomis,* for appellant.
*W. N. Beal,* for respondents.

FULLERTON, J.—On November 12, 1917, the respond-
ents, Smith *et al.,* being then the owners of certain real
property situated in the city of Aberdeen, leased the
same to the appellant. Druxinman for a term of three
years.   The lease was in writing and contained, among
others, the following condition:

"It is further covenanted and agreed that this lease
is made subject to the right of the lessors to sell and
dispose of the said premises, and that in case of such
a bona fide sale, this lease shall be and become at the
option of the lessors null and void upon sixty days'
written notice given by the lessors to the lessees."

On November 11, 1918, the respondents entered into
a contract with one Mary E. Murray, by the terms of
which they agreed to sell the property to Mrs. Murray

[1]Reported in 193 Pac. 224.

for a consideration of $15,000, of which consideration $1,650 was paid at the time of the execution of the contract, and the balance of such sum was agreed to be paid in monthly installments of $100 each, together with interest on the deferred payments at the rate of seven per cent per annum. The contract further provided that the purchaser should pay all taxes and assessments for state, municipal, government or other purposes which might be levied upon or which might accrue against the premises during the life of the contract; that time was the essence of the contract; that the title to the property should not pass to the purchaser until payment of the purchase price; and that the contract purchaser should have possession of the property.

At the time of the execution of the contract, although seemingly not so required by the terms of the contract, a deed to the property was executed by the grantors and deposited in escrow to be delivered to the contract purchaser on the completion of the payments. On November 15, 1918, the respondent served upon the appellant a notice in writing reciting therein that they had sold the leased property to a *bona fide* purchaser, reciting further that he was required to quit and surrender the premises within sixty days after service of the notice upon him. Pursuant to such notice, the appellant surrendered the premises on January 15, 1918, and the contract purchaser immediately took possession of the same, and since that time has maintained possession and has complied with all the terms of the contract. In April, 1918, the appellant began the present action to recover in damages for a breach of the contract of lease. In his complaint he alleged that no sale of the property to a *bona fide* purchaser had been made; that there had been made no sale at all of the

premises; that the purported contract of sale to Mary E. Murray was in fact a lease, entered into for the purpose of wrongfully depriving him of rights and privileges acorded him under his own lease and that a higher rental for the premises might be obtained than the rental therein fixed. It was further alleged that the actual rental value of the premises during the term of his lease was $140 per month, and judgment was demanded for the difference between such actual rental value and the rental value he was required to pay under the terms of his lease.

For answer to the complaint the respondents denied the allegations of fraud and, by way of an affirmative answer, set up the contract between themselves and Mary E. Murray. At the trial, which was had before the court sitting without a jury, no evidence was introduced to substantiate the allegations of fraud. The appellant rested his case on the contention that the respondents did not, by their contract with Mrs. Murray, "sell and dispose" of the property within the meaning of these terms as used in his lease, and in consequence he was wrongfully induced to surrender possession of the property. The trial court decided against the contention, and whether it did so wrongfully or not is the single question presented on this appeal.

It is our opinion that the court did not err in its conclusion. The contract between the respondents and Mrs. Murray was something more than a mere agreement to sell and purchase. By it Mrs. Murray acquired a substantial interest in the property. She paid a considerable part of the purchase price; she acquired possession and the right of possession, and has such an interest in the title that she cannot be deprived thereof save of her own volition. She can, of course, lose her rights by a failure to comply with the terms of the

contract, but if she continues to perform to the end her rights will become absolute, and this without regard to the acts or conduct of the other parties to the agreement. The transaction was therefore, at least, a conditional sale, and in the parlance of the business world, such transactions are commonly and rightfully referred to as sales. There is nothing in the language of the lease between the respondent and the appellant· which would indicate that the term "sell and dispose of," or the term "sale," was used therein in any other than its common acceptation, and the trial court was well warranted in concluding that the terms were here used in a general rather than in a technical sense.

The appellant was in no manner deceived or misled by the respondents. Indeed, the court found that the respondents furnished him with a copy of the contract with Mrs. Murray prior to the time he removed from the premises. While it may be that the record does not justify this finding if construed literally, it does appear that the respondent then had knowledge of the general terms and conditions of the contract.

The appellant places his main reliance upon the case of *Younkman v. Hillman*, 53 Wash. 661, 102 Pac. 773. But, while the language there used lends support to the appellant's contention, we cannot think the case controlling under a state of facts such as are now before us. That was an action to recover a reward promised to be paid upon the happening of certain stated conditions. As a condition precedent to claiming the reward, it was necessary for the claimant to be a purchaser of lots in a named townsite. Our ruling was that a person holding under a contract of purchase was not a purchaser within the meaning of the offer. This was perhaps sound as applied to the transaction before the court, since the person offering the reward

was entitled to a somewhat strict compliance with the terms of his offer before he could be charged with liability. But as a rule of uniform application, we think it too broad.

The judgment is affirmed.

HOLCOMB, C. J., PARKER, BRIDGES, and MACKINTOSH, JJ., concur.