### Yontz v. McDowell.

(Decided February 16, 1923.)

#### Appeal from Muhlenberg Circuit Court.

1. Landlord and Tenant—Ousting of Tenant—Damages.—Where a contract for rental of real property contains a provision reading: "It is specially agreed and understood that should the party of the first part (landowner) at any time during the life of this contract and lease, make a sale of the said hotel, fixtures and furnishings, then in that case this contract and lease shall become void and terminate on the date of such sale," a good faith sale is intended and if by fraud or deceit the owner by representing that he has a sale when he has not, obtains possession of the property the lessee has and may maintain an action against the owner for such damages as he has suffered by being thus ousted.

2. Landlord and Tenant—Lease—Sale of Property—Damages.—Where the owner of real property under such contract in good faith entered into a contract of sale, though verbal, by which he is required to convey the property and to give possession thereof within a certain definite period, and in good faith notifies the

lessee of such sale and the necessity of possession, such owner will not be liable for damages, if in pursuance of such sale he thereafter closes the deal to the said purchasers even though the sale is for some reason, not attributable to the owner, delayed for a month or more.

E. B. ANDERSON for appellant.

HUBERT MEREDITH and WALKER WILKINS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Yontz leased a hotel situated in Central City, from appellee McDowell for a term of two years, at a rental of $75.00 per month. The contract, which was in writing dated August 30, 1918, contains, among other things, the following clause; "Now it is specially agreed and understood that should the party of the first part (McDowell) at any time during the life of this contract and lease, make a sale of said hotel, fixtures and furnishings, then in that case this contract and lease shall become void and terminate on the date of such sale." On March 31, 1919, about seven months from the making of the contract, appellee McDowell gave appellant Yontz notice that he had sold the said hotel and wanted immediate possession thereof. Acting upon this notice appellant Yontz immediately moved out. Later discovering that no deed of conveyance had been recorded in the office of the clerk of the Muhlenberg county court, Yontz made demand on McDowell for possession of the hotel and to be put in said possession by McDowell. This notice was ignored by McDowell. On May 31, 1919, McDowell and wife conveyed the property together with other real estate to Walker Wilkins, et al., for $30,000.00. About the time the deed was made and delivered appellant Yontz instituted this action in the Muhlenberg circuit court to recover something more than $8,000.00 in damages which he alleged he had suffered by reason of being turned out of the hotel, contrary to the provisions of the written contract. He alleged that while he operated said hotel under the said lease that he averaged a net profit of more than $500.00 per month, and as he had seventeen more months under his lease he estimated his damage at $8,972.60. Both parties admit the contract and that McDowell gave the notice to appellant Yontz for the possession of the hotel and that Yontz very soon thereafter

vacated the hotel and surrendered it to appellee Mc-
Dowell; that the deed conveying the hotel and other real
property was not executed until the 31st day of May,
following.   Appellant Yontz says that the notice given
him by McDowell requiring him to vacate the house was
a ruse, false and fraudulent and intended to deceive and
mislead him and obtain from him possession of the hotel
from which he was realizing large profits; that Mc-
Dowell had not at that time made a *bona fide* sale of the
said property, and insists that he is entitled to recover
of appellee McDowell a sum equal to the total net profit
which he would have earned had he been allowed to re-
tain the hotel until the end of his term, or at least until
the deed was made.

Appellee McDowell proves beyond question that he
gave the notice in good faith after he had entered into a
contract with Walker Wilkins, et al., by which he was to
sell Walker Wilkins, et al., the said hotel; that the delay
occasioned was no fault of his but that Wilkins, et al.,
were unable to raise the cash to make the first payment
as quickly as they anticipated, and that later McDowell
took seriously ill and further delayed the closing of the
deal, for neither of which things was appellee respon-
sible, as he says.   The sale and price were agreed upon
though not consummated on March 31, 1919, the day on
which the notice was given to appellant Yontz.   The ven-
dor and vendees agreed upon the sale and purchase of
the said property. There was no bad faith, fraud or deceit
practiced by appellee McDowell upon appellant Yontz,
for McDowell sincerely believed that he had made a sale
of the property at the time he gave the notice, as indeed
he had, for he later, in pursuance to said contract, con-
veyed the said property to the said proposed purchasers
with whom he made the contract on the 31st of March.
That was the date of the sale of the property.   Because
it took some time to finally close the matter under the
terms of the paragraph of the contract copied above, ap-
pellant Yontz is insisting that he is entitled to occupy
the hotel at least until a sale was consummated.   If a
sale was made by appellee McDowell the contract and
lease were to become void, "and terminate on the day of
such sale." We think the language employed by the con-
tracting parties, when fairly construed, bound appellant
Yontz to vacate the premises at any time when notified
by appellee McDowell that he had made a *bona fide* sale

of the property to another person although such contract had not been finally consummated. Of course notice given merely to oust the lessee when no good faith sale had been made would render the lessor liable in damages, but a *bona fide* sale, though not in writing, would not do so.

The trial below resulted in a verdict in favor of appellant Yontz for $200.00 and he prosecutes this appeal. Appellee McDowell has neither asked nor prosecuted a cross appeal. He cannot therefore have a reversal of the judgment entered below. We do not think the facts of this case entitle appellant Yontz to a recovery, but in as much as there is no cross appeal no relief can be afforded McDowell, and the judgment from which the original appeal is prosecuted must be affirmed.

Judgment affirmed.