R. K. LUSE et al., Appellees, v. GEORGE E. ELLIOTT, Appellant.

FRAUDS, STATUTE OF: Real Property—Oral Sale with Part Payment. An oral agreement to sell land, accompanied at the time by part payment, constitutes a ''sale,'' within the terms of a lease which provides that, in case of a sale of the premises, the tenancy may be terminated.

**LANDLORD AND TENANT:** Tenancy—Termination—Unavailable De-
2 fense. A tenant who has agreed that his tenancy may be termi-
nated in case the landlord sells the property may not predicate a defense
to such termination on the fact that the landlord (concededly in good
faith) *actually conveyed* a part of the land to his wife, solely in con-
sideration of the wife's agreement to sign a conveyance of the remain-
ing part of the land.

Headnote 1:   27 C. J. pp. 351, 353.   Headnote 2:   35 C. J. pp. 1054,
1056.

Headnote 1:   25 R. C. L. 545.   Headnote 2:   L. R. A. 1915C, 240; 35
A. L. R. 535; 16 R. C. L. 1110.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

APRIL 5, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Action at law, for the possession of real estate. The facts
are stated in the opinion. From a judgment on a verdict for
plaintiffs the defendant appeals.—*Affirmed.*

*Wilson & Evans,* for appellant.

*Walter M. Davis,* for appellees.

VERMILION, J.—The controlling facts are not in dispute.
The appellee R. K. Luse, prior to the transactions here involved,
was the owner of a farm of 240 acres. The appellant was a ten-
ant on the farm, under a written lease, for a term of four years
from March 1, 1924. The lease provided:
"In event the lessor should sell said farm on or before the
1st day of Sept. of any year, during the existence of this lease
and notify the lessee in writing that the said farm had been sold
then this lease may be terminated on the 1st day of March next
succeeding the giving of said notice of sale."
On August 29, 1925, Luse entered into a parol contract with
the appellee Michael for the sale to him of 160 acres of the land,
for a consideration of $30,000. On August 31, 1925, Michael
gave Luse his check for $100, as a part of the purchase price.
The parol contract was subsequently, on October 8, 1925, reduced

to writing, and signed by R. K. Luse and Michael. In pursuance of the contract, conveyance of the 160 acres was made by Luse and wife to Michael.

On August 31, 1925, R. K. Luse and Mable M. Luse, his wife, entered into a written contract, whereby the former agreed to sell to the latter the remaining 80 acres of the farm. This contract provided as follows:

"In consideration of above Mable M. Luse agrees to pay to R. K. Luse the sum of $25.00 and also to sign all papers in regard to the sale of the following property to H. C. Michael."

On March 6, 1926, R. K. Luse conveyed the 80 acres of land to his wife, for a stated consideration of "one dollar and other valuable considerations."

The appellant was duly notified by R. K. Luse, by notice dated August 31, 1925, that he had contracted to sell the land covered by the lease, and that he elected to terminate the lease on March 1, 1926.

It is conceded that the provision of the lease for its termination on the sale of the premises is valid. It is also conceded that the right to terminate the lease only arose upon the sale of the entire farm, and that such sale was not required to be to a single purchaser, but might be of separate tracts to different purchasers.

The errors assigned relate to the refusal of the court to direct a verdict for the defendant at the close of the evidence, to the refusal of the court to give certain instructions requested by the defendant, and to alleged errors in the instructions given.

I. Complaint is made of an instruction which said that, if the parties orally agreed upon the terms of the sale on or before September 1, 1925, the sale would be considered as made on or prior to that date, although the agreement was not reduced to writing until later. If it should be conceded that the contract for the sale of the leased premises must, as contended by appellant, be one enforcible under the statute of frauds (see 35 Corpus Juris 1056), the evidence showed without dispute that, at the time of the oral agreement between Luse and Michael, a part of the purchase price was paid. This took the contract out of the statute of frauds. Moreover, in another instruction the court said that, if Michael agreed to purchase 160 acres of the farm on

1. FRAUDS, STATUTE OF: real property: oral sale with part payment.

August 31, 1925, and then gave Luse his check for $100, as a part of the purchase price, this constituted a sale, as between the parties, for the purposes of the case.

The completion of a sale by conveyance on or before September 1, 1925, was not required, in order for the lessor to be· entitled to terminate the lease. *Glenn v. Inouye*, 62 Cal. App. 259 (216 Pac. 418); *Druxinman v. Smith*, 113 Wash. 124 (193 Pac. 224); *Yontz v. McDowell*, 197 Ky. 770 (247 S. W. 948); *Hyman v. Federal Doll Mfg. Co.* (N. Y.), 185 N. Y. Supp. 678; *Gunsenhiser v. Binder*, 206 Mass. 434 (92 N. E. 705).

*Stewart v. Pier*, 58 Iowa 15, is not in conflict with this doctrine. The lease there involved provided that, if it was terminated by a sale of the premises within three years, the tenant was entitled to be paid for certain improvements, but, if so terminated after three years, no such payment was to be made. Under the terms of the sale made, possession was not to be given until after the expiration of three years. We said that the stipulation in the lease contemplated such a sale as would terminate the right of both landlord and tenant to the possession of the property, and:

"As long as plaintiff [the landlord] held such right, defendant could occupy the property. Therefore, a contract of sale which did not deprive plaintiff of the right of possession, and did not disturb the defendant's right to the occupancy of the property, was not a sale contemplated in the lease."

There is here no claim of a right to terminate the lease before the lessor's right to possession of the premises would be terminated by a completed sale, or until March 1st. Appellant was secure in his possession until the completion of a year of farm tenancy. We think there was no prejudicial error in the instruction complained of.

II. The court submitted to the jury the question of the good faith of the transaction, and instructed that, if Luse did in fact sell a portion of his farm to his wife prior to September 1,

2. LANDLORD AND TENANT: tenancy: termination: unavailable defense.

1925, such sale would have the same effect as a sale made to any other person, and would not be invalid because she was his wife, or because one of the motives of the sale might have been to terminate the lease, but that, if such sale to the wife was only a

form, and was for the sole purpose of terminating the lease, the verdict should be for the defendant.

This instruction is not assailed, except on the ground that it permitted the jury to find that a sale was made of the 80 acres to Luse's wife. The question of the good faith of the transaction was for the jury. The verdict, upon the record, is conclusive that the alleged sale to the wife was in good faith, and not made solely for the purpose of terminating the lease.

III. The principal and ultimate question in the case, presented by the motion to direct, instructions refused, and exceptions to the court's charge, is whether the contract between Luse and his wife, as disclosed by the record, if made in good faith, and not merely for the purpose of terminating the lease, was such a sale as, in connection with the sale of the rest of the farm to Michael, would entitle Luse, the lessor, to terminate the lease. The evidence showed that the only consideration for Luse's contract with and conveyance to his wife was her agreement to join in the conveyance of the land sold to Michael.

Appellant's contention at this point is based upon the claim that the contract between Luse and his wife was in relation to her inchoate right in the land of her husband, and was void, under Section 10447, Code of 1924, and that the agreement to convey and the conveyance to her were without consideration, and purely voluntary, amounting to no more than a gift of the land to her, and did not constitute a sale, or give a right in the lessor to terminate the lease.

It has been held that the wife cannot enforce an agreement by her husband by which she was to receive money or property in consideration of her joining in a conveyance of the husband's land. *Miller v. Miller*, 104 Iowa 186. We have said that money so paid was voluntarily paid; that it was a gift, and could not be recovered by the one paying it. *Garner v. Fry*, 104 Iowa 515; *Pieper v. Pieper*, 145 Iowa 373; *Kolb v. Mall*, 187 Iowa 193. Such a payment, or the conveyance of property upon such alleged consideration, is void as to existing creditors of the·payor or grantor, and may be recovered by them as voluntary. *Haynes v. Kline*, 64 Iowa 308; *Garner v. Fry*, supra; *Sharff v. Hayes*, 132 Iowa 609; *Kolb v. Mall*, supra.

But the appellant stands in no such relation to the transaction that he may avail himself of its infirmity. The land be-

longed to Luse. Where the rights of creditors were not involved, he might sell it on such terms and for such consideration as he saw fit. The only thing of which appellant could complain was a sale made in bad faith, and for the sole purpose of terminating the lease. *Dunn v. Jaffray,* 36 Kan. 408 (13 Pac. 781). Upon this question the jury found against the appellant, and that the sale was not for that purpose alone, and was not made in bad faith. All of the circumstances of the sale were before the jury. The fact that the only consideration was the wife's relinquishment of her inchoate right in the land sold to Michael very properly bore upon the good faith of the transaction, and might have supported a contrary finding. If the contract had remained wholly executory, the situation might perhaps be different; but it was fully performed by Luse. The performance, it is true, was subsequent to the date upon which the termination of the lease was to be effective, but it was in pursuance of the contract previously made, which Luse saw fit to perform. While, so far as existing creditors of Luse were concerned, the conveyance would, in the eye of the law, have been deemed voluntary, and the wife could not have enforced the contract, because of the inhibition of the statute, yet, when it was fully performed, the only basis for attack on the part of appellant, under the undisputed evidence, was that it was in bad faith. The fact that the lessor chose to recognize by performance a contract that could not have been enforced against him was not, in itself, a defense against a termination of the lease, but a circumstance tending to show bad faith. ·

But it is said that a gift of the land would not be a sale, and would not entitle the lessor to terminate the lease; and that the conveyance to the wife upon the sole consideration of her relinquishment of her inchoate right in other land was, under the law, a gift. It was a gift only because the consideration was invalid, under the statute, and as against parties who had a right to question the consideration. Although, under the statute, there was no valid consideration as against such parties, there might be such an advantage accruing to the grantor, aside from the termination of the lease, as that, as against one in no position to question the validity of the consideration, it would be a sale, and not a gift. This, upon the record, was the situation here; and the only question appellant was entitled to have submitted to the

jury in respect to the character of the transaction was whether it was in good faith, and not for the sole purpose of terminating the lease. This question was submitted, under instructions of which appellant does not in that respect complain.

We find no prejudicial error in the record, and the judgment is—*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, DE GRAFF, and ALBERT, JJ., concur.