■ In the Matter of PATSY V. CROCE, Respondent, v. ALICE K. DRAKE, Appellant.— In a summary proceeding by a landlord to recover possession of real property held by the tenant under a written lease, the tenant appeals from a final order of the County Court, Westchester County, rendered August 6, 1960, granting the petition and awarding possession to the landlord, after a nonjury trial. The lease between the parties specified that, in the event of a bona fide sale, the landlord had the option of cancellation on giving notice to the tenant, provided the landlord return the security, the tenant to pay rent until the time of cancellation. On December 17, 1959 (almost two years after this four-year lease was executed) the landlord contracted bona fide to sell the premises to a third party. The contract required the landlord to remove all tenants and to give possession of the entire premises to the purchaser. Thereafter, appropriate notice was given by the landlord to the tenant of the contract and of the exercise by the landlord of the privilege of cancellation. The tenant failed to vacate and this summary proceeding was brought. The tenant raised two defenses: (1) that the option to cancel could be exercised only in the event of a sale and here there was only an agreement to sell; (2) the landlord had not tendered the return of the security at the time of the giving of the notice of cancellation. At the trial it appeared: (a) that the purchaser had not yet taken title, but that he was ready, able and willing to perform in accordance with the contract of sale; and (b) that the security had not been tendered or returned by the landlord to the tenant. Final order affirmed, with costs (*Hyman* v. *Federal Doll Mfg. Co.*, 185 N. Y. S. 678; *Luse* v. *Elliott*, 204 Iowa 378; *Cincinnati-Louisville Theatre Co.* v. *Masonic Widows' & Orphans' Home*, 272 F 637; *Glenn* v. *Inouye*, 62 Cal. App. 259; *Yontz* v. *McDowell*, 197 Ky. 770; *Travelers Ins. Co.* v. *Gibson*, 133 Tex. 534). In our opinion, under the provisions of the lease, read as a whole, the tenant is entitled to the return of his security only after he vacates the premises, provided that he has paid the rent up to the time he vacates and that he has fully performed all the other terms of the lease on his part to be performed. Beldock, Ughetta and Christ, JJ., concur; Nolan, P. J., and Kleinfeld, J., dissent and vote to reverse the final order in favor of the landlord, and to dismiss the petition, with the following memorandum: The lease between the parties was for a term of four years ending January 31, 1962. It provided for the tenant's deposit of security in the sum of $525, which was to be returned to the tenant after the time fixed as the expiration of the term, provided the tenant had performed the terms, covenants and conditions of the lease on his part to be performed. The lease also provided that in the event of a bona fide sale of the premises, the landlord should have the option to cancel the lease upon 90 days' written notice "*provided* Landlord returns the security deposited with him by Tenant under this lease, Tenant to pay rent until the time of the cancellation" (emphasis supplied). In this proceeding to recover possession of the premises,

brought prior to the expiration of the term specified in the lease, the landlord claims the right to possession by virtue of a 90-day notice, served on the tenant, canceling the lease as of June 1, 1960. Concededly the security deposited by the tenant has not been returned. The landlord asserted that under the lease he had the right, without returning the security, to terminate the tenancy upon giving the 90-day notice and to retain possession of the security until the tenant should vacate the premises. The learned County Judge and the majority of this court have sustained the landlord's interpretation of the provisions of the lease, and have agreed that the lease could be so cancelled and the security could be so retained. We are unable to agree. Options to terminate tenures granted by the provisions of leases are required to be strictly construed. In order to divest the tenant's interest, the landlord was required to comply strictly with the terms of the agreement which permitted cancellation of the lease only upon the return of the security (cf. *Dubois & Son* v. *Goldsmith Bros.,* 273 App. Div. 306, 309). Since the option has not been exercised in accordance with its terms, the lease continues in force and the landlord may not recover possession.