Argued March 4, reversed April 29, 1970

MOLLET ET UX, *Respondents, v.*
CASTEEL, *Appellant.*
468 P. 2d 644

*Eric B. Lindauer*, Salem, argued the cause for appellant. With him on the brief were Clark & Marsh and Malcolm F. Marsh, Salem, and Duncan & Duncan, Stayton.

*Charles W. Creighton, Jr.*, Salem, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice,* and McALLISTER,

* Perry, C.J., did not participate in this decision.

SLOAN, O'CONNELL, DENECKE, HOLMAN and TONGUE, Justices.

DENECKE, J.

The plaintiff lessees recovered a judgment for the cost of working and seeding land owned by the defendant lessor. The defendant appeals.

The defendant leased farm land to the plaintiffs for a term of seven years. The plaintiffs were to work the soil and purchase and grow grass seed, all at plaintiffs' expense. The rent was to be one-third of the yearly crop. The lease provided:

> "Should the within demised premises be sold by first party [lessor] prior to the expiration of the term herein, then and in that event, the first party shall pay to second parties [lessees] the prevailing rate for the hours of machine hire involved in working ground and planting seed together with the cost of seed and fertilizer used with the seed, at the time of planting. Payment required of the first party under this provision of the lease shall be proportional to the number of years this lease has run and for each additional year will decrease, provided however that in the event this lease runs for the term set out, then and in that event, parties of the second part shall pay all costs set out in this paragraph."

When three years still remained on the lease, the defendant entered into a contract with third persons to sell the land. The contract of sale provided:

> "It is specifically understood and agreed between the parties hereto that all plow land of the above described premises lying north and east of the State Highway Number 214, save and except therefrom that portion of said lands occupied by the house and out-buildings of seller are subject to

a crop lease agreement, a copy of which is hereto attached, dated August 31, 1964 between seller as lessor and Ralph Mollet and Mary Mollett as lessees, which lease commenced October 20, 1963 and shall terminate on October 19, 1970, it being understood that the land covered by said lease shall not be a part of the land being sold under this contract until October 20, 1970, on which date said leased premises shall automatically become a part of the land being sold under this contract the same as if said land had been included on the date hereof. It is further understood that seller shall be fully obligated under said lease agreement and that purchasers have no obligation whatsoever thereunder, however, seller shall pay all proceeds received under said lease agreement to purchasers forthwith upon receipt of the same from lessees. Seller further covenants that said lessees have been given the opportunity to purchase the above described premises under the same terms and conditions as set forth hereunder and that said lessees have declined in writing to said offer."

In December 1967, about a month after the contract of sale had been executed, plaintiffs learned of the sale. In January 1968 plaintiffs asked for a copy of the contract, which was sent by defendant. In April, plaintiffs informed defendant they considered the lease terminated and demanded their costs for working the land. Defendant responded that the contract was subject to the lease with plaintiffs and asked them to continue under the lease. Apparently, the plaintiffs did nothing on the land after the fall of 1967.

The defendant relies upon *Garetson v. Hester*, 57 Cal App2d 39, 133 P2d 863 (1943). The issue in that case did not involve the problem in the present case:

"The issue involved on this appeal is whether or not the parties to the leases intended by the language used that the leases should be terminated

when an offer of purchase was received and the lessee refused to take advantage of the option and purchase the property at the price named in the offer." 57 Cal App2d at 43-44.

The issue here is whether the lease obligated the defendant to pay the lessees' expenses when during the term of the lease she entered into a contract of sale which did not interfere with the operation of the lease.

The intendment of the lease was that if the lease was terminated by a sale of the land before the expiration of the term, the landlord should repay the lessees for their costs of working the land because otherwise they would not receive the complete benefit of those costs. The contract of sale provided that the lessees could continue in possession for the full term of the lease. Therefore, the lessees received all they bargained for in the lease and. are not entitled to any reimbursement.

We conclude that the trial court erred in holding that because defendant entered into the contract of sale she was obligated by the lease to pay the lessees' expenses.

Decisions from other jurisdictions construing leases with similar, but not identical, provisions are to a like effect.

A California lease provided:

" 'In the event the lessor shall sell and convey said property to any one other than the lessee during the term of this lease, he [lessor] shall pay to the lessee at the rate of two hundred and fifty dollars per year for the unexpired term of the lease, in consideration whereof the lessee shall give up and surrender to the lessor, or his assigns, the real property and appurtenances covered by this

lease.' " *Armas v. Armas*, 58 Cal App 717, 718, 209 P 256 (1922).

During the term of the lease, the lessor sold the property and delivered a conveyance to the buyer which contained a provision that the conveyance was " 'subject to the lease thereon to Manuel Armas * * *.' " 58 Cal App at 720. The plaintiff lessee did not consent to the conveyance, vacated the premises and brought an action for a sum equaling $250 for each year remaining on the term of the lease. The court held the lessor was not obligated to pay. The court's precise reasoning is not applicable to the instant case; however, the tenor of the opinion is that when the lessor sells the property and preserves the lessee's right to continue in possession until the end of the term, any provision for payments by the lessor in the event he sells the property before the end of the term are inapplicable. *Armas v. Armas*, supra.

In *Stewart v. Pier*, 58 Iowa 15, 11 NW 711 (1882), the lease provided that if the property was sold within the first three years of the term, the lessor would pay one-half the value of the improvements made by the lessee. The lessor entered into a contract of sale before the end of the first three years of the term of the lease, but possession was not to be transferred until after the three years had expired. The court held for the lessor, stating: "* * * [A] contract of sale which did not deprive plaintiff of the right of possession; and did not disturb the defendant's right to the occupancy of the property, was not a sale contemplated in the lease." 58 Iowa at 18.

*Chandler v. Oldham*, 55 Mo App 139 (1893), is to the same general effect.

Reversed.