## J. W. WROTH v. E. H. NORTON.

1. No safe conclusion can be deduced from circumstantial evidence, if it be left reasonable to suppose that the circumstances themselves did not transpire.

2. On a trial of the right of property levied on, the court below charged the jury that the plaintiff might prove his case either by direct evidence or " by circumstantial evidence,—that is, by the proof of such facts as will naturally lead the mind to that conclusion, and will exclude any other reasonable inference." *Held*, that the charge is not necessarily to be understood as requiring the plaintiff to make out his case by circumstantial evidence of so conclusive a character as to admit of no reasonable conclusion to the contrary; and the charge appearing to have worked no prejudice to the appellant, it is *held* not to be error.

APPEAL from Austin.   Tried below before the Hon. I. B. Mc-
Farland.

The facts appear in the opinion of the court.

*Sayles & Bassetts*, for the appellant.—Under the charge
given by the court the jury were not authorized to find for the
plaintiff, although the testimony fully supported and decidedly
preponderated in favor of the hypothesis presented by him ; but
they were required to go one step further, and inquire if every
other reasonable hypothesis were excluded.

In Pilkinton v. The State (19 Tex., 217,) it is said that on the
subject of doubts there is a distinction between civil and criminal
cases.   " In the former the jury weigh the evidence, and after de-
termining on which side there are the greater degrees of proba-
bility, or there is the preponderance of evidence, decide accord-
ingly ; but in criminal cases, as every man is presumed to be in-
nocent until the contrary is proved, a mere probability that he may
be guilty will not warrant a conviction : the evidence must be
sufficient to satisfy the jury that he is guilty, and if there be a
well founded or reasonable doubt of his guilt, not merely specu-
lative, imaginative, possible or conjectural, but a real doubt of his
guilt, the jury ought to acquit."   In other words, in criminal
cases the evidence should exclude every reasonable inference in-
consistent with the guilt of the party, but in civil cases the jury
should decide in accordance with the greater degrees of proba-
bility or preponderance of evidence.

In Chandler v. Muckelroy (22 Tex., 42,) it is well said " that it
is one of the substantial rights of the party defendant, when he
takes the proper steps, to demand that the facts alleged as a ground
of action against him should be established by proof reasonably
sufficient to satisfy the mind of the truth of the allegations."   In
the case at bar the jury were told not only that the plaintiff must
sustain his case by proof of such facts as will naturally lead · the

XXXIII—13

mind to that con clusion, but that he must also exclude any other reasonable inference. They were not directed to weigh the testimony; they were not authorized to be controlled by proof reasonably sufficient to satisfy their minds of the truth of the plaintiff's allegations; they were not permitted to render a verdict in accordance with the preponderance of the testimony and the reasonable probability of the truth; but before they could find for the plaintiff, he must have excluded every reasonable inference inconsistent with his case.

It has been repeatedly said by this court that when the testimony is conflicting, it is the province of the jury to judge of the credibility of the witnesses and the weight of evidence, and their verdict will not be disturbed, although the evidence may not be satisfactory to this court. (McDonald v. Morgan, 27 Tex., 503; Clark v. Davis, 7 Tex., 556; Walker v. Walker, 22 Tex., 33; Branch v. Dever, 18 Tex., 611; Howard v. Booth, 16 Tex., 94; Long v. Steiger, 8 Tex., 460.)

It is peculiarly the province of the jury, in cases of a conflict of the evidence of an equal grade and dignity, to weigh the evidence and find the truth of the contested fact. (Russell v. Mason, 8 Tex., 226; Sims & Smith v. Chance, 7 Tex., 561; Mitchell v. Matson, 7 Tex., 3.)

The rule is not varied in civil cases, although a question of fraud is involved. "Fraud may be established as any other fact. The law has no scales wherein to weigh the different degrees of probability, still less to ascertain what weight of evidence shall amount to proof of any disputed fact." (Layton v. Hall, 25 Tex., 212.) Nor do we know of any principles of law requiring a different rule, because the facts are to be established by circumstantial evidence.

In Lynn v. Wright, 18 Texas, 3–7, the exact point is decided. In discussing the case, the facts of which are almost identical with those of the case in hand, the court say (fo. 336): "To warrant

the jury in so finding, it was not necessary that the circumstances tending to that conclusion should have been incapable of being accounted for upon any other hypothesis. There is no such rule of evidence or principle of law as that, in order to authorize a jury to deduce from circumstantial evidence the conclusion of fraud, the circumstances must be of so conclusive a nature as to exclude every other hypothesis than the one sought to be established."

The whole paragraph, from which this extract is made, seems so fully to dispose of the question under discussion, that we ask a perusal of it in the original decision, 18 Texas, 336–7.

*Hunt & Holland*, for the appellee.—It was admitted that the goods were taken from the possession of the claimant (appellee here); and plaintiff, Wroth, took upon himself the burden of proving that claimant's possession was fraudulent, and that the goods levied on were in fact the property of Messner, the defendant in execution; and in order to sustain that position, plaintiff took a very wide range, and brought forward numerous disjointed and disconnected circumstances, more or less pertinent as well as impertinent.

The whole issue before the jury was one particular fact as to whether the goods levied upon were the property of claimant, or of Messner, the defendant in execution. On that issue the jury found for the claimant—upon conflicting evidence it is true, but none the less conclusive on that account—for they were the sole judges of the weight of evidence, and this court will not disturb their verdict, unless appellant can show that it was found without evidence, or clearly contrary to the evidence, or that there was so grave error in the charge of the court as to plainly mislead the minds of the jury to a wrong conclusion. This, we confidently assert, the appellant has not done and cannot do.

The statement of facts will show that the weight of positive evidence of unimpeached witnesses preponderated in favor of the claimant, Norton. (*Vide* Latham v. Selkirk, 11 Tex. 321;

Green v. Hill, 4 Tex. 465; Stewart v. Hamilton, 19 Tex. 101; Anderson v. Anderson, 23 Tex., 641; Baldridge v. Gordon, 24 Tex., 288; Hull v. Hedge, 2 Tex., 323.)

"The verdict must clearly be wrong to induce this court to set it aside." (Long v. Steiger, 8 Tex., 462; Oliver v. Chapman, 15 Tex., 410.)

"It is not enough that it is not clear that it is right." (Briscoe v. Bronough, 1 Tex., 340; Cotton v. Campbell, 3 Tex., 495; Carter v. Carter, 5 Tex., 102; Howard v. Ray, 25 Tex, 88; Adams v. George, 25 Tex. supplement; McGloin v. Vanderlip, 27 Tex., 367; 8 Tex., 331 and 439; 7 Tex., 584.)

We submit that there was no such error in the charge of the court as to require a reversal of the cause.

The charge was as favorable to the plaintiff as he had any right to ask or expect under the facts of the case. (Mercer v. Hall, 2 Tex, 284; Powell v. Haley, 28 Tex., 53.)

WALKER, J.—Appellants caused execution to be levied on a stock of goods as the property of D. Messner, to satisfy a judgment in their favor. The goods were claimed by Norton, and this was an action to try title. The jury found for the appellee, and the court overruled a motion for a new trial, and this appeal is taken.

The main error assigned, on which it is very earnestly insisted the judgment should be set aside, is much more specious than real. It is to the charge of the court, which is as follows:

"That the goods belonged to Messner, and not to Norton, the plaintiff may show by direct evidence of the fact, or he may prove it by circumstantial evidence,—that is, by the proof of such facts as will naturally lead the mind to that conclusion, and will exclude any other reasonable inference."

The court does not herein direct the jury, that the appellant *must* prove that the goods belonged to Messner, *by circumstantial*

*evidence which would admit of no reasonable conclusion to the contrary,* before the *plaintiff could hold them on his execution;* but it is rather in the mind of the court to say that there may be circumstantial evidence so strong as to admit of no reasonable conclusion to the contrary; and if the plaintiff has this kind of evidence he can use it, or he can prove his case by direct evidence. This was all the court intended to say, and all that was said, and it certainly worked no prejudice to any one. In a chain of circumstantial evidence, it might be of the greatest importance to show that A. B. was in the city of Galveston on a certain day; and now, if the facts shown left it *reasonable* to suppose that A. B. was not in the city of Galveston, but in the city of New York, on that very day, this link being broken, the chain would have no strength; for it can be no stronger than any and every one of its links. No safe conclusion can be deduced from circumstantial evidence, if it be left reasonable to suppose that the circumstances themselves are not proven. It may be a very significant circumstance that a footprint is found upon the sand; but if the facts are such as to render it reasonable that there was no footprint upon the sand, the circumstance that some crazy man had said so, or somebody had dreamed it, would be of very little or indeed of no importance.

There was a conflict in the evidence on the trial, but we can see no reason for disturbing the judgment for an erroneous finding, nor do we see any error on which to reverse. The judgment is therefore affirmed.

Affirmed.