### Z. B. THOMASON & SON v. OSCAR E. OATES.

Decided May 11, 1907.

**1.—Lease—Termination by Sale.**

Where land is leased subject to the right of the lessor to terminate the lease by a sale of the land during the term, a sale by the lessor entitles his vendee to immediate possession of the premises in the absence of an agreement to the contrary by the vendee.

**2.—Same—Estoppel.**

The fact that a vendee of leased premises received the rent money for the term, will not estop him from terminating the lease and demanding possession of the premises when it is shown that he offered to return the unearned rental.

**3.—Appeal—Expiration of Cause of Action—Practice.**

Where, in a suit by a vendee to oust a tenant from the purchased premises, it appears that the term of lease has expired pending the appeal, the judgment of the trial court ousting the tenant will not be reversed even though it should appear that there was error in the proceedings.

Appeal from the District Court of Haskell County. Tried below before Hon. H. R. Jones.

*Thomason & Thomason,* for appellants.

*H. G. McConnell,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This was an action of trespass to try title instituted by Oscar E. Oates to recover from Z. B. Thomason and son lot No. 5 in the town of Haskell. There was judgment for the plaintiff and defendants have appealed.

The evidence shows that on January 1, 1906, appellants sent a check for twenty-five dollars to R. H. Beall for the lease of the lot in question for the year 1906, and the same was accepted by said Beall upon the condition "that if I make a sale of the property and have to give possession in order to make the sale, I will reserve the right to terminate the lease at the time, but if purchaser should not demand possession until January 1, 1907, I will not want to terminate the lease." A short while after this contract appellee purchased the lot from Beall and at the time nothing was said about giving possession of the property, but immediately after the purchase appellee demanded possession of the property and later instituted this suit. It is the contention of appellant that his lease should not be terminated because the right to immediate possession was not made a condition of appellee's purchase from Beall. But we think the transaction between Beall and appellee could have no other meaning than that the latter should be entitled to the immediate possession of the property purchased. Nothing was said to the contrary, and appellee testified that he supposed it was Beall's duty to place him in possession and he did not demand it until he sent him the money; that he understood he was to get possession of the place when the trade was made, and on the same day that he sent the purchase money wrote Mr. Beall to notify the parties in possession that he wanted possession of it. This indicates that the purchaser not only demanded, but was entitled to demand possession of the property from appellants. The fact that appellee cashed the check sent by appellants to Beall would not preclude his recovery upon the theory of estoppel, since he first offered to return the check and subsequently tendered the appellants the unearned portion of the same. Besides, if there was error in the proceedings we would hardly be justified in reversing the case and remanding it for another trial, when confessedly the only right of appellants in the property is by virtue of a lease for the year 1906, which term has wholly expired. The judgment is therefore affirmed.

*Affirmed.*

Conner, Chief Justice, not sitting.