**SOLORANZO et al. v. TEXAS EMPLOYERS' INS. ASS'N. (No. 8518.)***

(Court of Civil Appeals of Texas. Galveston. May 15, 1924. Rehearing Denied June 12, 1924.)

1. **Appeal and error ⬅500(1)—Motion to dismiss cause not considered where no showing that trial court ever acted on motion.**

Defendants' motion to dismiss suit to set aside an award of compensation after they had answered to the merits could not be considered by appellate court where record did not show that trial court ever acted on motion.

2. **Master and servant ⬅417(4½)—Service of notice of appeal in compensation case by mail sufficient.**

Service of notice of appeal from an award of the Industrial Accident Board by registered letter within time specified in amended Compensation Act 1917, § 5, p. 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), is sufficient.

3. **Evidence ⬅220(2)—Testimony as to what doctor told injured servant as to cause of disability held admissible.**

Testimony that a doctor had told an injured servant that his disability was caused by gonorrhea, and that he did not deny having gonorrhea, was admissible, especially where the servant himself brought out the conversation, and statement was merely gone into further on cross-examination of witness.

**4. Master and servant ⬅︎➡420—Judgment against compensation claimant's attorney for costs held unauthorized.**

A judgment holding servant's attorney for costs of proceedings under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) was unauthorized where he was merely allowed recovery prescribed by Vernon's Ann. Civ. St. Supp. 1918, art. 5246, subd. 12, and, when matter reached court on subsequent appeal, he only sought additional compensation provided in subdivision 13.

Appeal from District Court, Matagorda County; M. S. Munson, Judge.

Action by the Texas Employers' Insurance Association to set aside an award of compensation by the Industrial Accident Board to Frederico Soloranzo and his attorney for injuries sustained by claimant while an employee of the Texas Gulf Sulphur Company. Judgment for plaintiff and defendants appeal. Affirmed in part, and reversed and rendered in part.

W. S. Holman, of Bay City, for appellants.
Morris, Sewell & Morris, of Houston, for appellee.

GRAVES, J. On December 27, 1921, the Industrial Accident Board of Texas awarded Frederico Soloranzo $788.41 against the Texas Employers' Insurance Association as for an injury sustained by him while working for his employer, the Texas Gulf Sulphur Company, in Matagorda county, Tex., for which employer the insurance association carried the risk, pursuant to our compensation law; 15 per cent. of the award was apportioned to Soloranzo's attorney, W. S. Holman, for representing him before the accident board, pursuant to Vernon's Ann. Civ. St. Supp. 1918, art. 5246, subd. 12.

After giving notice by registered letter, within twenty days after the award was made, both to the Industrial Accident Board and to Soloranzo that it was unwilling to abide by the final decision of the board in the matter, pursuant to section 5, pt. 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), of the amended Compensation Act of 1917, the insurance association filed this suit in the district court of Matagorda county, seeking to have the final ruling and decision of the accident board set aside, making both Soloranzo and his attorney of record, W. S. Holman, parties.

The defendants answered the suit, claiming that Soloranzo had been injured while in the employ of the Sulphur Company in laying steel rails on a track in connection with twelve other hands, it being charged that he was struck between his legs by one of the rails; they asked judgment against the insurance association for the same total amount given by the accident board, but it was further prayed that the attorney's proportion thereof be increased to $262.80 in accordance with subdivision 13, R. S. art. 5246, instead of the 15 per cent. of the total award allowed by the accident board.

The cause was tried by the court without a jury, resulting in a judgment canceling and setting aside the award of the accident board; from that decree Soloranzo and his attorney appeal.

The trial court filed findings of fact and conclusions of law as follows:

"I. I find that the defendant Frederico Soloranzo, on the 18th day of August, 1920, was an employee of the Texas Gulf Sulphur Company.

"II. I find that the Texas Gulf Sulphur Company on said 18th day of August, 1920, was a subscriber to Texas Employers' Insurance Association, and carried a policy which was then in full force and effect covering its employees.

"III. I find that the defendant Frederico Soloranzo was not injured on the occasion in question while in the service of Texas Gulf Sulphur Company as an employee in the course of his employment, as contended by him in this case.

"IV. I find that any disability suffered by said Frederico Soloranzo was directly and proximately caused by a chronic spell of gonorrhea, and not by any injury.

"Conclusions of Law.

"Under the above facts I conclude, as a matter of law, that the plaintiff, Texas Employers' Insurance Association, is entitled to recover and to have the award of the Industrial Accident Board set aside, and that the defendants, Frederico Soloranzo and W. S. Holman as intervener, are not entitled to recover anything against the plaintiff.

"M. S. Munson, Judge Presiding."

Some months after they had answered to the merits in the court below appellants filed a motion asking that the cause be dismissed on the ground that the notice of appeal from the Industrial Accident Board's decision had been served upon them by registered mail instead of by the sheriff of Matagorda county, as they contended the law required. On the same ground they ask a reversal of the judgment by this court.

[1, 2] The contention cannot be sustained, for two reasons: In the first place, the record does not show that the trial court ever acted upon the motion; and, in the second, service duly made by registered letter within the time specified in the statute was sufficient. U. S. Fidelity & Guaranty Co. v. Charles Summers, No. 8485, 262 S. W. 247, decided by this court April 14, 1924; Producers Oil Co. v. Daniels (Tex. Com. App.) 259 S. W. 936.

Appellants next attacked the findings of the trial court that Soloranzo was not injured in the employ of the Sulphur Company, and that his disability was caused by a chronic disease, as being so against the weight of the evidence as to require this court to set them

⬅︎➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

aside, but after a painstaking review of the statement of facts we are unable to so hold; there was direct testimony to the contrary by appellant Soloranzo, inferentially corroborated by statements of members of his family, as to his condition at the time, but in the testimony of the doctors who treated him and of the men under whom he worked there was ample evidence to support the findings of the court as made.

[3] It is next contended that the court erred in permitting the witness Garcia to testify over objection, that Dr. Dix had told appellant Soloranzo, four months after his alleged injury and two months after he had had an operation performed, that his disability was caused by gonorrhea and not by a lick or blow between his legs.

The qualification by the court of the bill of exception relating to this matter shows that the appellant himself first brought out the conversation he had with Dr. Dix, which was held in the presence and hearing of Garcia, and that the attorney for the insurance association merely went into it further on cross-examination of the witness, bringing out the additional detail that when the doctor made the statement to appellant that he had gonorrhea appellant did not deny it. Notwithstanding this, however, the testimony was admissible as independent evidence.

[4] The concluding complaint of appellants is against the action of the trial court in entering judgment against both Soloranzo and his attorney, W. S. Holman, for the costs of the proceeding. This contention we think is sound and must be sustained. The record shows, as hereinbefore intimated, that neither before the Industrial Accident Board, nor in the appeal therefrom in the court below, was any separate recovery sought or obtained by the attorney of record, but he was merely allowed by the accident board the per cent. of his principal's recovery prescribed by subdivision 12, Vernon's Ann. Civ. St. Supp. 1918, art. 5246, and, when the matter reached the court on the subsequent appeal, he only sought the additional proportion thereof provided in section 13 of the same statute; this latter subdivision of the compensation act makes it the duty of the trial court in such circumstances to fix and allow the fee of the attorney for representing the interest of the claimant, provided it does not exceed one-third of the amount recovered by the latter. The allowance to the attorney by the accident board being therefore merely a prescribed per cent. of the award to the claimant it was never necessary for the insurance association to make the attorney a party to the suit on appeal to get that action set aside, but it could have accomplished that result by proceeding alone against the employee. The judgment holding the attorney of record for the costs was accordingly unauthorized, and must be set aside.

From these conclusions it follows that the trial court's judgment must be affirmed except in so far as it held the attorney of record for costs; as to that feature it must be reversed, and judgment here rendered that the appellee take nothing; it has been so ordered.

Affirmed in part. Reversed and rendered in part.