## PEOPLE'S MUT. LIFE ASS'N v. MARTINDALE.

### No. 1548.

Court of Civil Appeals of Texas. Waco.

Feb. 28, 1935.

Lem Wray and H. R. Stovall, both of Waxahachie, for appellant.

Sullivan & Wilson, E. S. McAlester, and J. Lee Zumwalt, all of Dallas, for appellee.

ALEXANDER, Justice.

E. L. Martindale brought this suit against the People's Mutual Life Association, a local mutual aid association of Ellis county, to recover on a life insurance certificate in the sum of $1,000 issued by the defendant on the life of plaintiff's wife, Mrs. Mary G. Martindale. The defendant contended that the policy had lapsed for the failure to pay a death assessment, and further alleged that the claim had been settled and compromised for $150. The plaintiff pleaded waiver of failure to pay the death assessment, and alleged that his claim was a liquidated one for the sum of $1,000 and that the purported settlement for $150 was brought about by fraud and in bad faith, and was therefore without consideration. The verdict of the jury was favorable to the plaintiff, and judgment was entered in his favor for the amount of the policy, less the amount paid under the settlement agreement. The defendant appealed.

The jury found, in substance, that the secretary of the association at various times promised the plaintiff and his wife that, in the event they should ever be unable to pay

a death assessment on the policy in question when the same matured, if they would report the matter to him, he would arrange for a postponement of the time for payment thereof; that under such agreement the secretary had granted many such extensions prior to the time of the levy of the death assessment in question; that, after receiving notice of the death assessment, for the non-payment of which it was claimed that the policy had lapsed, the plaintiff and his wife made arrangements with Mrs. Williams (the secretary's wife who looked after the secretary's office in his absence) whereby plaintiff was to deliver chickens to her at a later date in settlement of said assessment, and that thereafter said secretary recognized the policy in question as being in force; that, after the death of plaintiff's wife, said secretary denied liability under the policy and represented to the plaintiff that said policy had lapsed and that, if he brought suit thereon, he would not recover anything; that said representations were false, and were made for the purpose of taking advantage of plaintiff and bringing about a settlement, and were relied on by plaintiff, and that as a result plaintiff was caused to settle for the sum of $150. The jury further found that at the time of the making of said settlement there was no good-faith controversy between the parties and that the secretary of the association did not in good faith believe that the association had a right to urge a defense to plaintiff's claim.

The appellant contends that the finding of the jury that there was not a good-faith dispute between the parties at the time of the making of the settlement agreement was contrary to the great overwhelming weight of the evidence, and that as a consequence the judgment of the trial court should be reversed. With reference to this matter, plaintiff testified that on numerous occasions prior to the levy of the assessment in question, Mr. Williams, the secretary of the association, had told him that, in the event he or his wife should ever be unable to pay an assessment within the time limit, he (the secretary) would take care of the matter and not allow the policy to lapse; that said secretary had granted such extensions of time on several previous occasions; that, when he received notice of the assessment in question, which was assessment No. 22, dated April 12, 1932, and due on or before May 12, 1932, he and his wife went to the company's office and made arrangements with Mrs. Williams, the wife of the secretary of the association, by which plaintiff was to be allowed to deliver chickens to her at a later date in payment of the amount of said assessment. Mr. Williams testified that he was absent when the plaintiff called at the office on the occasion above mentioned, but that, when he returned to his office that evening, he found a note from his wife saying that the plaintiff had been there for the purpose of securing an extension of time in which to pay the April assessment. He further testified that, when he went home that night, he discussed the matter with his wife, but denied being informed by her that she had agreed to allow such extension. The testimony shows that Mrs. Williams frequently worked at the office during the absence of her husband, and that while so working she had charge of the collection of premiums. The plaintiff never received any notice that the arrangements claimed to have been made by him with Mrs. Williams were unsatisfactory to the association. Later on, the association levied assessment No. 23 and sent notice thereof to the insured by postcard dated June 15, 1932, which read, in part, as follows: "It now becomes our duty to levy the following assessment: $1.10 which must be paid by July 14, 1932 in order to keep your insurance in force. Any payment by or for a lapsed person shall be held a warranty that said party was in fact in good health at the time such payment was paid. Don't Lapse. Please send or bring this notice with remittance and keep 'office informed of any change of address." The plaintiff's wife died June 25, 1932, before the last assessment had been paid. When plaintiff demanded payment of the amount due under the policy, Mr. Williams, the secretary, denied liability, and claimed that the policy had lapsed for the failure to pay assessment No. 22 levied on April 12, 1932.

Of course, if the insured made arrangements for an extension of time in which to pay the April assessment, as testified to by plaintiff, then the association had no right to declare a forfeiture for the failure to pay said assessment within the time specified in the original notice. The fact that the association sent the insured notice of another assessment after the expiration of time for the payment of the original assessment tended to corroborate plaintiff's testimony with reference to the extension agreement and to show that the association had elected to waive its right to declare a forfeiture. Whether or not Mr. Williams, the secretary of the association, was acting in good faith when he contended that the policy had lapsed for the failure to pay the April assessment

was a question of fact to be determined by the jury. 9 Tex. Jur. 341; 12 C. J. 333, 365, 367; Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014, 1016; Bankers' Health & Accident Co. v. Shadden (Tex. Civ. App.) 15 S.W.(2d) 704; Simms Oil Co. v. American Refining Co. (Tex. Com. App.) 288 S. W. 163; Lumbermen's Reciprocal Ass'n v. Day (Tex. Com. App.) 17 S.W.(2d) 1043. The determination of this issue depended on the inferences to be drawn from the facts in evidence, and this in turn was a matter for the jury to determine. Wiggins v. Holmes (Tex. Civ. App.) 39 S.W.(2d) 162, pars. 2 and 3; Home Benefit Ass'n v. Briggs (Tex. Civ. App.) 61 S.W.(2d) 867, par. 10; Munves v. Buckley (Tex. Civ. App.) 70 S.W.(2d) 605, par. 6. We cannot say that the facts in evidence were insufficient to support the jury's finding in this respect. Appellant's assignment of error is overruled.

■ Appellee sought to avoid the effect of the settlement agreement on two grounds, first, because there was no adequate consideration for the settlement of his liquidated claim for less than the full amount thereof; and, second, because appellant induced the settlement by making false representations of material facts. The appellant here contends that the appellee failed to properly plead and prove that the settlement was induced by false representation of any material fact. This contention seems to be immaterial, for appellee's claim was a liquidated one, and if, as found by the jury, there was not a good-faith dispute between the parties at the time the claim was settled for less than the full amount thereof, then the settlement agreement was without consideration and did not constitute a bar to an action to recover the balance due under the policy. National Mut. Benefit Ass'n v. Butler (Tex. Civ. App.) 72 S.W.(2d) 659, par. 3, and cases there cited. Therefore it is not necessary for us to determine whether or not the pleadings and evidence were sufficient to support appellee's contention that the settlement agreement was induced by misrepresentations of material facts.

■ Appellee's secretary testified that notice of assessment No. 23 above referred to was sent to the insured merely as a courtesy for the purpose of informing the insured as to the amount that would have to be paid in order to reinstate the policy sued on. Appellant complains of the failure of the court to instruct the jury that the sending of such notice for said purpose would not amount to

a recognition of the validity of the policy here sued on. We are of the opinion that such a charge would have been an improper comment on the weight to be given to the testimony.

We have considered all other assignments of error and find that they do not present reversible error.

The judgment of the trial court is affirmed.