## TRAVELERS INS. CO. v. GIBSON.

### No. 1910.

Court of Civil Appeals of Texas. Waco.

July 15, 1937.

Rehearing Denied Dec. 2, 1937.

Renfro & Kilgore, of Dallas, for appellant.

L. W. Shepperd, of Groesbeck, for appellee.

GEORGE, Justice.

Appellant, the Travelers Insurance Company, filed suit in trespass to try title against appellee, Desmond Gibson, for the title and possession of a 232-acre farm in Limestone county on January 3, 1936, and on or about January 25, 1936, caused writ of sequestration to issue and be placed in hands of constable for execution. Appellee filed a cross action and sought actual and exemplary damages on the ground that he .was entitled to the possession and use of said farm for the year 1936, and that he had been wrongfully and maliciously ousted therefrom. Appellant, in its first supplemental petition, alleged (1) that it had for several years prior to 1936 rented to .Gibson the farm for each year by written contract signed by both parties, and that on October 16, 1935, Gibson signed lease contract for the year 1936 but same was never executed by it; (2) that the lease .contract provided that in case of the sale of said premises prior to December 1, 1935, the lease would not take effect and that it did in fact sell the land to H. P. Hickman prior to December 1, 1935; (3) that appellee remained in possession after January 1, 1936, and refused to surrender possession.

The trial was before the court and jury and, on answers of the latter to special issues, judgment was rendered that appellant take nothing by its suit against appellee and that appellee recover .judgment on his cross action against appellant in the sum of $677.70, together with interest thereon.

The verdict of the jury found, among other things, that (1) appellant prepared or caused to be prepared a written rental contract for the year 1936 covering the farm; (2) appellant presented or caused to be presented to appellee such contract for his signature on October 16, 1935; (3) appellee signed such contract on said date; (4) appellant accepted and retained in its possession such contract; (5) appellant did not transfer the absolute or general property in the premises to H. P. Hickman, fully negotiating and closing such transfer, prior to December 1, 1935.

Appellant, in due time, filed a motion for judgment non obstante veredicto and excepted to the action of the court in overruling same. After the overruling of its .motion for judgment non obstante veredicto, it, in due time, moved the court to enter judgment decreeing title to the farm in it and excepted to the court's action in denying such motion. It also excepted to the judgment as rendered and entered. The only issues presented are: (1) Is there any substantial evidence in the record of probative force to sustain the jury's finding that appellant accepted the rental contract for the year 1936; (2) does the evidence establish, as a matter of law, sale of the farm to H. P. Hickman prior to December 1, 1935; and (3) did the trial court err in denying appellant judgment for the title to the farm? Neither the sufficiency of the evidence to support the jury's finding of acceptance of rental contract by appellant and the judgment based thereon, nor the adequacy or correctness of the trial court's charge, is before us for consideration, because appellant did not choose to raise and present such matters to the trial court for its action thereon, by means of a motion for new trial, but elected to file a motion for judgment non obstante veredicto and stand on the proposition that there was no evidence to sustain the finding of acceptance, and that the evidence conclusively established sale of farm prior to December 1, 1935. James v. Texas Employers Insurance Ass'n (Tex.Civ.App.) 98 S.W.2d 425; Duvall v. Kansas City Life Insurance Co. (Tex.Civ.App.) 96 S.W.2d 793; Hines v. Parks (Tex.Com.App.) 96 S.W.2d 970; Brown v. Rentfro, 57 Tex. 327; Freeman v. Schwenker (Tex.Civ.App.) 73 S.W.2d 609; North v. Atlas Brick Co. (Tex.Com. App.) 13 S.W.2d 59; article 2211, Revised

Civil Statutes (as amended by Acts 1931, c. 77, § 1 [Vernon's Ann.Civ.St. art. 2211]).

The evidence shows that L. R. Price, Jr., was an employee of appellant, acting in the capacity of field man, and that it was his duty to inspect its farms, present rental contracts to prospective tenants for their signature, and forward such contracts to its Dallas office for approval and execution; that it was also his duty to recommend such tenants as he considered to be acceptable; that he presented the contract in question to appellee for his signature, on October 16, 1935, and after its execution by appellee took the contract to his office in Waco, Tex. He testified that he was without authority to execute rental contracts and that he kept this contract in his office in Waco until December 4, 1935, when he, for the first time, filled in the blank spaces and forwarded it to the Dallas office, but this testimony is apparently in conflict with the testimony of D. C. Fitch, state manager of appellant's loan department, to the effect that he received such contract in November, or the latter part of October, 1935. However this might have been, a careful examination of the entire record discloses that there is not any evidence either showing or tending to show that Price had either actual or apparent authority to rent land or execute rental contracts therefor and thereby bind appellant, and for such reason it cannot be inferred from the facts and circumstances in this case that Price accepted such rental contract for 1936 and that he, in accepting same, bound appellant. Missouri Pac. Ry. Co. v. Porter, 73 Tex. 304, 11 S.W. 324; Beazley v. McEver (Tex.Civ.App.) 238 S. W. 949; Wroth v. Norton, 33 Tex. 192; Middleton v. Brawley (Tex.Civ.App.) 12 S.W.2d 257; 17 Tex.Jur. § 57, pp. 247, 248.

The burden was on appellee to prove execution of rental contract by appellant. This he could do by showing acceptance of contract by appellant's authorized agent, who was conceded to be D. C. Fitch, and such acceptance could be established by circumstantial evidence. Abeel v. Weil, 115 Tex. 490, 283 S.W. 769; Martin v. Roberts, 57 Tex. 564; Campbell v. McFadin, 71 Tex. 28, 9 S.W. 138; Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076; Johnson v. Tunstall (Tex.Com.App.) 25 S. W.2d 828; Houston Oil Co. v. Singleton (Tex.Civ.App.) 44 S.W.2d 479; Pioneer Savings & Loan Co. v. Paschall, 12 Tex.

Civ.App. 613, 34 S.W. 1001; Dockery v. Thorne (Tex.Civ.App.) 135 S.W. 593; Reeves Furniture Co. v. Simms (Tex.Civ. App.) 59 S.W.2d 262; Buckler v. Kneezell (Tex.Civ.App.) 91 S.W. 367; Detro v. Gulf, C. & S. F. Ry. Co. (Tex.Civ.App.) 188 S.W. 517; Brewer v. Cochran, 45 Tex. Civ.App. 179, 99 S.W. 1033.

There is no contention made that the rental contract for 1936 was signed by D. C. Fitch, but it is contended by appellee that the collateral facts and circumstances in this case are sufficient to raise the issue of acceptance of rental contract by D. C. Fitch, and, if such be true, then it was for the jury to determine whether Fitch completed rental contract by acceptance.

Giving verity to and viewing all the testimony in the entire record bearing on the question of acceptance of rental contract for 1936 in the most favorable light to uphold the jury's finding thereon, we may consider as established the following facts and circumstances: (1) That appellee had rented the 232-acre farm each year since appellant had owned it; that the rental contracts were in writing; (2) that appellee would receive his copy of executed rental contract in a week or two after he had signed same; that appellee's copy thereof, for the year 1935, was signed by D. C. Fitch, state manager; (3) that D. C. Fitch, state manager of appellant's loan department, had authority to rent the farm and approve and execute rental contract on behalf of appellant; (4) that L. R. Price, Jr., field man for appellant, came to appellee, on October 16, 1935, and asked him if he wanted to rent the farm for the year 1936, and that appellee then stated his desire to rent farm and signed contract in triplicate; that Price carried off with him original and all copies of the contract; (5) that this rental contract contained the following provisions: "It is further understood and agreed by and between the parties hereto that in case of a sale of said premises prior to December 1, 1935, then this lease shall not take effect but shall be null and void," etc.; (6) that appellee was a satisfactory tenant and had been recommended by Price as a tenant for the year 1936; (7) that D. C. Fitch received rental contract in November or latter part of October, 1935; (8) that H. P. Hickman, on October 28, 1935, executed and delivered to L. R. Price, Jr., a written agreement to purchase the farm, containing the following clauses, to wit: "This contract shall

be closed on or before December 1, 1935. The seller shall deliver possession of this farm January 1, 1936"; (9) that Price, on October 28, 1935, in writing, advised appellee that appellant had a purchaser for the farm; that the bid had been sent in; that he was not positive that the sale would go over and that he would notify appellee as soon as he heard from the home office; (10) that D. C. Fitch retained the original and all copies of rental contract and did not notify appellee whether such contract had been accepted or rejected or whether approval or rejection of same was being withheld pending consummation of sale; (11) that appellee, on December 1, 1935, not having heard anything from appellant as to acceptance or rejection of rental contract or as to consummation of proposed sale to Hickman, wrote on a postcard the following: "This is the first of Dec. and the place is not sold and I am going to start plowing. Will you please have the contract for 1936 I signed sent to me. I never did get my copy. Yours truly, Desmond Gibson," which card was received by Price on December 2, 1935; (12) that Price, on the same day, took up with Fitch the contents of appellee's postcard and Fitch, in reply to said postcard, on said date wrote appellee in part: "Our Mr. Price tells us that he has informed you that the Conner farm has been sold and that we will want possession on January 1, at the expiration of your lease, and that you state you do not intend to move. We are very much surprised at this because Mr. Price has previously informed you that the place was being sold and has given you every opportunity to look for a farm."

Are these facts and circumstances so lacking in probative force that they cannot constitute the basis of a legal inference, and are they so lacking in probative force that reasonable minds can come to but one conclusion; that is, a failure on the part of appellee to show acceptance of contract by Fitch? Isn't there any question as to credibility of interested witnesses and weight to be given their testimony for determination? Carwile v. Roberts (Tex.Civ.App.) 11 S.W.2d 549; Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447; Cheatham v. Riddle, 12 Tex. 112; Galveston H. & S. A. Ry. Co. v. Murray (Tex.Civ.App.) 99 S.W. 144; Thraves v. Hooser (Tex.Com.App.) 44 S.W.2d 916; Sigmond Rothchild Co. v. Moore (Tex.Com.App.) 37 S.W.2d 121. Why was the clause that "this contract shall be closed on or before December 1, 1935" put in the Hickman sales contract? Isn't it reasonable to suppose that same was inserted in recognition of the existence at that time of the 1936 rental contract and for the purpose of bringing about consummation of the sale of the farm within such time limit? What was the immediate and spontaneous reaction of Fitch, when advised by Price on December 2, 1935, that appellee was claiming the right to possession of the farm for the year 1936 under executed written rental contract and that the farm had not been sold prior to December 1, 1935? Did he say to appellee: We have not entered into any rental contract with you for 1936. No, Fitch's answer was, in effect, that the property had been sold. Fitch was called upon and afforded an opportunity to assert, if true, nonexistence of rental contract by reason of nonexecution thereof, and his failure to so do amounted to a tacit admission on his part that the contract had been executed theretofore and that appellant was relying on termination thereof by reason of sale within the time allowed therein. Soloranzo v. Texas Employers' Insurance Ass'n (Tex. Civ.App.) 264 S.W. 121; Reid Auto Company v. Gorsczya (Tex.Civ.App.) 144 S. W. 688; Hoskins v. Velasco National Bank, 48 Tex.Civ.App. 246, 107 S.W. 598.

It is significant that neither Fitch nor Price ever advised appellee of the fact that his rental contract for the year 1936 had not been approved and accepted and that execution of same was being withheld pending completion of sale of farm, but only advised him of proposed sale, and that no attempt was made to explain either insertion of clause in Hickman's sales contract to the effect that such sales contract must be closed on or before December 1, 1935, or failure of Fitch to deny execution of contract. His failure to assert nonexecution of contract instead of sale of farm on that occasion and insertion of above-mentioned clause in Hickman's sales contract are consistent with and indicative of existence of 1936 rental contract and are contradictory of and in conflict with theory of nonacceptance. The testimony in behalf of appellant bearing on the question of acceptance is that of Price and Fitch, who are interested witnesses, and there is a material conflict in the testimony of these two witnesses. Fitch says he received the contract in November, or latter part of October, 1935, and that he did not sign or

accept it because they had entered into contract to sell land to Hickman and give him possession of farm on January 1, 1936. And Price says that he retained the rental contract in his possession at Waco, Tex., until December 4, 1935, when he filled in all blanks in contract for first time and sent it in to the Dallas office. The hereinabove set out facts and circumstances, when considered as all the evidence and as uncontradicted, the testimony of Fitch and Price being ignored, are manifestly sufficient to raise issue of acceptance of rental contract by Fitch. The facts and circumstances of this case also present for determination credibility of interested witnesses and the weight to be given their testimony. It also appears that diverse inferences could be fairly and reasonably drawn from the entire evidence in this case on this issue. Appellant's contention is overruled. Connor v. Crain (Tex.Civ.App.) 289 S.W. 712; Stewart v. Miller (Tex.Civ.App.) 271 S.W. 311; Kifuri v. Lira (Tex.Civ.App.) 73 S.W.2d 891; Eastham v. Hunter, 98 Tex. 560, 86 S.W. 323; Progressive Lbr. Co. v. Marshall & E. T. Ry. Co., 106 Tex. 12, 155 S.W. 175; Harpold v. Moss, 101 Tex. 540, 109 S.W. 928; People's Mutual Life Ins. Ass'n v. Martindale (Tex.Civ.App.) 80 S.W.2d 484; Supreme Council A. L. of H. v. Anderson, 61 Tex. 296; Texas Employers' Ins. Ass'n v. Boecker (Tex.Civ.App.) 53 S.W.2d 327; Henderson v. Burkholder (Tex.Civ.App.) 29 S.W.2d 937; Frazier v. Hanlon Gasoline Co. (Tex.Civ.App.) 29 S.W.2d 461; Texas Cities Gas Co. v. Ellis (Tex.Civ.App.) 63 S.W.2d 717; Home Benefit Ass'n v. Briggs (Tex.Civ.App.) 61 S.W.2d 867; Henry v. Publix Theatres Corp. (Tex.Civ.App.) 25 S.W.2d 695; Latson v. Weingarten Inc. (Tex.Civ.App.) 83 S.W.2d 734; Thomas v. Postal Telegraph-Cable Co. (Tex.Com.App.) 65 S.W.2d 282; Stinnett v. Gulf, C. & S. F. Ry. Co. (Tex. Civ.App.) 38 S.W.2d 615; Kleising v. Miller (Tex.Civ.App.) 83 S.W.2d 732; 3 Tex. Jur. § 741, p. 1049.

The lease contract signed by appellee on October 16, 1935, contained the following provision: "It is further understood and agreed by and between the parties hereto that in case of the sale of said premises prior to December 1, 1935, then this lease shall not take effect but shall be null and void." On October 28, 1935, H. P. Hickman executed and delivered to L. R. Price, Jr., a sales contract, reciting that the land purchased is 232 acres; that the purchase price is $6,960, cash $1,000 and the balance in 20 vendor's lien notes; that the seller agrees to furnish abstract of title, that the buyer agrees to furnish objections in writing; that the buyer shall deposit $500 and that seller shall deliver possession of farm on January 1, 1936. This contract was approved and executed by appellant and returned to its Dallas office on or about November 9, 1935. On November 26, 1935, appellant, acting through its duly authorized officer, prepared, executed, and acknowledged a special warranty deed, complete in all details, conveying the farm to H. P. Hickman pursuant to the terms of the sales contract dated October 28, 1935, and forwarded such deed to its state manager, D. C. Fitch, at Dallas, Tex., which deed was received by him about the 29th day of November, 1935. Hickman and appellant entered into a supplemental sales contract, under date December 5, 1935, providing that, if appellant could not deliver Hickman possession of the farm on January 31, 1936, then Hickman could terminate the sales contract. Appellee refused to surrender possession of the farm on January 1, 1936, and continued to hold possession thereof until he was advised by the constable that he had a writ of sequestration and that it was his duty to remove appellee from the farm unless he could execute a replevy bond in an amount equal to double the value of the farm, at which time appellee moved off of the farm. On January 30, 1936, the sale of the property was consummated by delivery of possession of farm and delivery of deed executed on November 26, 1935, to Hickman, and the execution of notes and the payment by Hickman of the balance of the agreed cash payment.

Do the above facts show conclusively sale of the farm prior to December 1, 1935, within the meaning of the terms and provisions of the lease contract? The answer to this question depends on what was meant by the word "sale," as used in such lease contract. The trial court, in submitting this issue to the jury, applied the definition of an executed sale. This left the jury no alternative but to find that a sale did not take place prior to December 1, 1935. We think the meaning applied to the word "sale," as used in the lease contract, must be governed by the intention of appellant and appellee in placing such stipulation in the contract. Does the entire instrument indicate that the parties used the word in

its strictest legal sensé or in its common acceptation? In determining the intention of the parties, regard is to be had to the situation of the parties, the subject matter of the agreement, and the object which the parties had in view at the time and intended to accomplish. The language of the contract does not disclose the meaning within the contemplation of the parties at the time of the execution, and no evidence was offered by either party tending to show whether the parties used the word "sale" in its strictest legal sense of an executed sale or less technical sense of an executory contract of sale. This was the ultimate fact issue. Therefore, the evidence does not, as a matter of law, show sale of .the farm prior to December 1, 1935. Houston E. & W. T. Ry. Co. v. Keller, 90 Tex. 214, 37 S.W. 1062; Thomason v. Oates, 46 Tex. Civ.App. 383, 103 S.W. 1114; Cincinnati-Louisville Theater Co. v. Masonic Widows' & Orphans' Home (C.C.A.) 272 F. 637; Cross v. Ramdullah (C.C.A.) 274 F. 762; Id., 257 U.S. 655, 42 S.Ct. 96, 66 L.Ed. 419; Sutherland v. Goodnow, 108 Ill. 528, 48 Am.Rep. 560; Druxinman v. Smith, 113 Wash. 124, 193 P. 224; Yontz v. McDowell, 197 Ky. 770, 247 S.W. 948; Glenn v. Inouye, 62 Cal.App. 259, 216 P. 418; Johnson v. Carlin, 121 Minn. 176, 141 N.W. 4, Ann. Cas.1914C, 705; Hyman v. Federal Doll Mfg. Co. (Sup.) 185 N.Y.S. 678; 35 C.J. p. 1056, § 217; 16 R.C.L. 1110, § 627; Hughes v. Donlon, 149 Tenn. 506, 261 S.W. 960, 35 A.L.R. 506; Phelps v. Johnson (Tex.Civ.App.) 181 S.W. 862; Johnson v. Phelps (Tex.Com.App.) 215 S.W. 446; Smith v. Griffin, 89 S.W.2d 1082; Buckholts v. Alsup, 56 S.W.2d 301.

The facts show conclusively that the title to the land remained in appellant until delivery of deed to Hickman on January 30, 1936, and that appellant had not parted with its title prior to the filing of the suit in trespass to try title on January 3, 1936. Campbell v. Chaney, 125 Tex. 201, 82 S.W.2d 638. The consummation of the sale to Hickman, on January 30, 1936, did not affect the progress or determination of this suit, which was commenced on January 3, 1936. It proceeded thereafter in the name of appellant, for the benefit of Hickman, who would be bound by the judgment rendered. Smith v. Olson, 92 Tex. 181, 46 S.W. 631; Mealy v. Lipp, 91 Tex. 182, 42 S.W. 544.

The judgment of the trial court is reversed and rendered in so far as same denies appellant recovery of title to the 232-acre farm, and judgment is here rendered for the appellant for the title to said farm, and such judgment is in all other respects affirmed, and all costs of appeal are assessed against appellee.