## CITY OF RANGER et al. v. WIER.
### No. 2093.

Court of Civil Appeals of Texas. Eastland.

Jan. 31, 1941.

Rehearing Denied Feb. 21, 1941.

Earl Wyatt, of Amarillo, for appellants.

Beverly S. Dudley, of Ranger, for appellee.

GRISSOM, Justice.

On August 20, 1931, the City of Ranger instituted this suit against A. K. Wier on a paving certificate which was delivered to W. E. Burke, contractor. It was alleged that defendant had made default in the payment of an installment of the certificate due June 19, 1929, and that V. W. Mills, then the owner and holder of the certificate, had declared the same due. Foreclosure of a lien and personal judgment against defendant was sought. Thereafter Mills died, and the Land Title Bank & Trust Company, trustee, intervened.

The Bank and Trust Company alleged, among other things, that on December 10, 1927, the City of Ranger passed an ordinance levying a special assessment against a described lot and the defendant, A. K. Wier "the true owner thereof." That said city issued certificate of special assessment No. 117, payable to W. E. Burke, contractor, or his assigns, in five equal installments. That said certificate provided "if default shall be made in the payment of any installment of principal or interest when due, then at the option of said W. E. Burke, or other holder of said certificate, the same shall at once mature without notice * *." That Burke sold said certificate to V. W. Mills, and that intervener was the legal owner and holder thereof.

It further alleged that the proceedings theretofore had in cause No. 13,749 were void as to said intervener because W. E. Burke, prior to the institution of said suit, transferred and assigned the coupons now sued on to Mills. It alleged that defendant was estopped from denying liability under said certificate because any right he might have had to question such assessment and liability was barred. It prayed for a foreclosure of its lien and personal judgment against defendant.

Defendant answered, among other things, that Dr. Wier never owned the lot described in plaintiff's petition, or had any beneficial interest therein; that on August 3 1926, Mrs. J. A. Neal, wife of Haden Neal, obtained a judgment against L. McNeill, foreclosing a vendor's lien on said lot. That, in an effort to help McNeill, Dr. Wier permitted the title to said property to be placed in his name for McNeill's benefit, and defendant obtained a loan from the Ranger Building & Loan Association on said property and discharged the debt to Mrs. Neal. That defendant never held the title to said property, except as a trustee for the benefit of McNeill and that, prior to the attempted passage of the ordinance, making of the assessment, and the issuance of the certificate sued on, defendant informed the City of Ranger, the members of its commission and W. E. Burke, the contractor, to whom the certificate was issued, of said facts; that he was not the true owner of said lot, and that he neither had nor claimed any beneficial interest therein, and that said city, and the members of its commission, and Burke at said times knew the defendant was not the true owner of said lot, and had no interest therein and were informed of Dr. Wier's claim, that he was not liable therefor, and that McNeill was the owner and resided on the premises.

The defendant further alleged that on June 29, 1929, in cause No. 13,749, in a suit brought by "plaintiff" against this defendant the lien alleged in plaintiff's petition was duly foreclosed against the property in question and judgment was rendered discharging defendant from any personal liability; that said judgment was a final judgment. That said judgment constituted an adjudication of defendant's nonliability asserted in this suit. Defendant also pleaded the two years statute of limitation. Judgment was rendered for defendant and plaintiff and intervener have appealed.

The court filed findings of fact and conclusions of law, in part, substantially as follows: That Dr. Wier, never owned the lot in question. That at the time of the assessment, etc., it was owned by L. McNeill and wife. That the title to said property was held by Dr. Wier solely as an accommodation and in trust for the McNeills. That Dr. Wier never received any consideration therefrom and has never acquired, claimed or asserted any personal interest in said property. That prior to the passage of the ordinance, levying of the assessment and issuance of the certificate, Dr. Wier informed the City of Ranger, its city commissioners and Burke, the contractor, of the true condition of the ownership of said property, and that they then had full knowledge thereof. That the certificate was payable to W. E. Burke, contractor, or his assigns; that the five installments thereof were evidenced by five coupons attached to said certificate; that said coupons state that "W. E. Burke, contractor, or bearer", is entitled to receive from the owner on surrender of such coupon the amount therein named; that the ordinance and certificate of assessment provided that upon default in payment of any installment of principal or interest when due, at the option of said Burke or other legal holder, said certificate should at once mature without notice. That on June 20, 1928, Burke transferred and assigned 4/5ths of said certificate and the coupons attached thereto to Real Estate Land Title Company (formerly the name of intervener) as assignee of V. W. Mills. That default was made in the installment of said certificate, which matured thirty days after the date thereof, and that Burke, the then holder and owner of "at least 1/5 of said certificate and coupons attached", declared the entire certificate due and payable, and in December, 1928, the City of Ranger instituted suit "for the benefit of the holder or holders of said certificate", seeking a personal judgment against the defendant Wier for the entire amount of such certificate with interest and attorney's fees and for foreclosure of said lien. That Burke intervened in said suit; that in said suit the defendant Wier asserted, among other defenses, that he was not the true owner of the property in question and denied personal liability on said certificate or coupons; that said certificate sued on was the identical certificate upon which this suit is based; that in June, 1929, judgment was rendered foreclosing a lien on said property and denying personal judgment against the defendant.

The court's conclusions of law, among others, were that Dr. Wier was not the true owner of the land in question in contemplation of the statutes which authorized the fixing of paving liens and the creation of personal liability for street improvements; that the judgment in cause No. 13,749 styled "The City of Ranger v. A. K. Wier" rendered on June 29, 1929, was res adjudicata of the matters involved herein and a bar to the prosecution of this suit.

Alternatively, the court found that the original certificate and coupons attached thereto became due and payable December 18, 1928, the date said original suit, cause No. 13,749, was filed, or in any event, on June 29, 1929, the date of said judgment, and, since more than two years had elapsed the defendant's plea of two years' limitation was sustained and plaintiff's and intervener's cause of action held barred.

 The evidence was sufficient to sustain the court's finding that Dr. Wier at the times in question held the title to the lot in controversy solely in trust for the benefit of McNeill; that prior to the assessment and issuance of the certificate Dr. Wier personally, and through his attorney, notified the City of Ranger, its commissioners and the contractor, Burke, of said facts and that he had no beneficial interest in said property and claimed none; that at said times the McNeills were in possession of and occupied said premises as their home. We hold that since Dr. Wier was not the owner of the property at the time of the assessment, but McNeill was the owner and in possession, and the city and contractor were fully advised as to the facts, said city had no power to make him liable for the cost of said paving. Not being the owner of the property, and the fact that McNeill, and not Dr. Wier, was the true owner

thereof at the time of the assessment, being known to the city and to the contractor, Dr. Wier was not required to file suit to set aside the assessment. The intervener was in no better position in its attempt to enforce the asserted liability of Dr. Wier than the city or contractor would have been had the contractor retained ownership of the certificate.

In Campbell v. Chaney, 125 Tex. 201, 205, 82 S.W.2d 638, 640, Judge German said: "* * * as Chancy then [at the time of the assessment] had no interest in same, it is obvious that the purported assessment against him was a nullity * * *."

In Spears et ux v. City of San Antonio, 110 Tex. 618, 625, 223 S.W. 166, 169, Justice Greenwood, speaking of the decision in Storrie v. Cortes, 90 Tex. 283, 295, 38 S.W. 154, 35 L.R.A. 666, said: "The decision was, of course, correct in denying a personal judgment against the wife, as to whom no liability was sought to be enforced save by the terms of the statute, when *she was without the operation of the statute, by reason of not being an owner of the property.*" (Italics ours.)

In Jones v. El Paso Bitulithic Co., Tex. Civ.App., 246 S.W. 749, 751, the court said: "So far as Mr. Jones is concerned, the evidence shows that he was not the owner, and he was in no wise personally liable."

The opinion of Justice Critz in Realty Trust Co. v. Craddock, 131 Tex. 88, 112 S. W.2d 440, 441, clearly recognizes the defense here asserted by Dr. Wier; that is, that not being the owner of the property at the time of the assessment, and that fact being known to the city and contractor, to whom the certificate was issued, he is not liable for payment of the paving certificate. There the property stood in the name of L. L. Craddock. The property was owned by Craddock and his adopted daughter. The records gave no notice of the death of Craddock's wife, or of any right or title either she or said adopted daughter had in said property. There was no record of the adoption in said county. At the time the certificates were issued and at the time of all proceedings pertaining thereto the property stood on the deed records in the name of Craddock alone. There was no actual notice of the daughter's interest. Justice Critz said: "No person representing the city, or in any way connected with these certificates, had any notice regarding the title to these properties, other than as shown by the deed records at any time

while these above proceedings were transpiring." He further stated "* * * when a city is proceeding under the above statutes in paving matters, it has a right to treat the holder of the record legal title, if living, as the sole and unconditional *owner, unless such city has notice of some outstanding legal or equitable claim antagonistic to the registration records of the county.* * * * the statutes infer that *the city should proceed in good faith and without notice, in the same manner that it would have to proceed were it becoming a purchaser* instead of acting to fix a paving liability or lien."

In distinguishing the holding in that case from that in the City of Mexia v. Montgomery, Tex.Civ.App., 7 S.W.2d 594, 595, Justice Critz said the facts were materially different. Speaking of the Mexia case, he said: "* * * *there was evidence tending to show that the city was fully advised of the actual facts concerning the real ownership of the title.* The City of Mexia Case does not support L. L. Craddock's contention here, but, by very clear inference, is authority to the contrary. This is because the opinion takes the trouble to comment on the fact that the *city had full notice of the ownership of the lots* in question."

In conclusion he said: "We simply here hold that where a city proceeds in paving matters under the statutes here involved against the living record owner, *without notice of any outstanding antagonistic claim of title,* the owner of the record legal title is the owner of the property within the meaning of such statutes." (Italics ours.)

With reference to the opinion of the Court of Civil Appeals in the Craddock case, he said the fact that Craddock had occupied the premises at some period "prior to the event of these paving proceedings" did not, "as a matter of law", charge the city in paving matters with notice of his claim. The Craddock case is relied upon by plaintiff and intervener (appellants). We think when due consideration is given to the facts as found by the trial court, which we find to be supported by the evidence, the opinion in the Craddock case sustains the defendant's contention and the holding of the trial court. In the instant case the city had no right to treat the holder of the record legal title as the owner because it had full and timely notice of facts antagonistic to the registration records showing Dr. Wier was not the owner. The city could not proceed in good faith to at-

tempt to fasten liability upon one whom it knew was not the owner. The city was fully advised of the actual facts concerning the real ownership of the land. Also, see City of Mexia v. Montgomery, Tex.Civ.App., 7 S.W.2d 594 writ refused; Uvalde Const. Co. v. Joiner, 132 Tex. 593, 598, 126 S.W. 2d 22; Power v. City of Breckenridge, Tex. Civ.App., 290 S.W. 872, 874; Phelps v. Thurber Brick Co., Tex.Civ.App., 62 S.W. 2d 596, 597; Johnson v. Lindsay, Tex.Civ. App., 30 S.W.2d 655, 660; Myrick v. Central Tex. Securities Corp., Tex.Civ.App., 122 S.W.2d 687, 688; Herbert C. Heller & Co. v. International Committee, etc., Tex. Civ.App., 50 S.W.2d 495.

In Real Estate-Land Title & Trust Co. v. Dildy, Tex.Civ.App., 92 S.W.2d 318, 320, writ refused, Chief Justice McClendon said: "Paving certificates are not negotiable, and are subject, in the hands of an assignee, to all defenses and infirmities available to the obligor against the original obligee." The same holding was made in Berwind v. Galveston & H. Inv. Co., 20 Tex.Civ.App. 426, 50 S.W. 413, writ refused.

From the foregoing conclusions it is evident the judgment should be sustained, regardless of whether any or all of the court's findings and conclusions, other than those to the effect that Dr. Wier was not the owner and that the city and contractor were so advised, be sustained. We think reversible error is not shown.

The judgment is affirmed.